[Sac. No. 1720. In Bank.—November 1, 1909.]

## COUNTY OF YOLO, Respondent, v. HALLIE E. JOYCE et al., Appellants.

COUNTIES—EXPENSES IN CRIMINAL CASES—AUTHORITY OF DISTRICT AT-
TORNEY.—Under section 228 of the County Government Act of
1898 (Stats. 1897, p. 575), expenses necessarily incurred by the
district attorney in the "prosecution of criminal cases" are county
charges, which under subdivision 11 of section 25 of the act are to
be paid out of the county funds under a claim presented to and
allowed by the board of supervisors.

ID.—TRANSCRIPTION OF TESTIMONY—DISTRICT ATTORNEY MAY AUTHOR-
IZE—REVIEW BY SUPERVISORS.—The district attorney has authority,
under that provision of the County Government Act, to incur a
charge for the transcription of testimony for use in a criminal
prosecution when he deems it neccessary, without first obtaining
an order of the superior court directing the transcription. His
action in this regard is subject to review by the board of super-
visors alone, and when that body determines that the expense was
necessarily incurred by him, and the charges fair and reasonable,
their determination is not subject to review by the court, but is
final and conclusive.

ID.—POWER OF COURT TO ORDER TRANSCRIPTION.—Section 274 of the
Code of Civil Procedure, providing for the fees to be paid official
stenographers of the superior court for reporting and for tran-
scribing testimony "ordered by the court to be made," is not a limi-
tation on the authority of the district attorney to incur an expense
for the transcription of the testimony in a criminal case.

APPEAL from a judgment of the Superior Court of Yolo
County and from an order refusing a new trial. H. M.
Albery, Judge presiding.

The facts are stated in the opinion of the court.

Arthur C. Houston, for Appellants.

W. A. Anderson, District Attorney, for Respondent.

LORIGAN, J.—This is an action brought by the county of
Yolo to recover from the defendant, Hallie E. Joyce, certain
money claimed to have been illegally paid to her under an
order of the board of supervisors of that county. On April
18, 1906, and for some time prior thereto there was on trial

in the superior court of Yolo County a criminal case entitled "People etc. v. Dean McGrew," the further hearing of which, on account of legal holidays declared by the governor following the earthquake in San Francisco and along the coast, it was necessary to adjourn for a considerable period of time. The trial was resumed on June 13, 1906, and the then district attorney of Yolo County who was prosecuting the case, in anticipation of the resumption of the trial, directed the defendant Hallie E. Joyce, who was the phonographic reporter of the superior court, to transcribe the testimony of the witnesses who had theretofore testified, for the purpose of having such testimony read to the jury to refresh their minds. The district attorney considered it necessary to have such transcription made and it was read to the jury.

On June 29, 1906, the defendant Hallie E. Joyce presented a claim to the board of supervisors for $309 for the transcription of such testimony, upon which claim the then district attorney made an indorsement reciting that the transcript for which the bill was presented was used by him "in the prosecution of Dean McGrew and was necessary in the conduct of the trial of said McGrew." The claim was allowed by the board of supervisors and a warrant issued for the amount, which was paid on July 4, 1906.

A demand was subsequently made on the defendant to pay back the amount of said claim to the county, which she refused to do, and this action was brought to recover it.

The court found the above facts, and, in addition, found "that the amount claimed for said alleged service . . . was not an expense necessarily incurred by the district attorney of Yolo County in the detection of crime or in the prosecution of a criminal case." Judgment was entered for the plaintiff, from which, and from an order denying her motion for a new trial, the defendants appeal.

This appeal is to be determined by a consideration of the proposition whether the district attorney had authority to incur liability for this claim against the county.

It is provided by section 228 of the County Government Act of 1898 (Stats. 1897, p. 575) as follows: "The following are county charges; . . . . 2. The traveling and other personal expenses of the district attorney, incurred in criminal cases arising in the county, and in civil actions and proceedings in

which the county is interested, and all other expenses necessarily incurred by him in the detection of crime and prosecution of criminal cases, and in civil actions and proceedings and all other matters in which the county is interested."

By section 274 of the Code of Civil Procedure it is provided that: "For his services, the official reporter shall receive the following fees . . . ; for reporting testimony and proceedings, ten dollars per day . . . For transcription, for one copy twenty cents per hundred words. . . . In criminal cases the fees for reporting and for transcripts ordered by the court to be made must be paid out of the county treasury upon the order of the court . . . "

By subdivision 11 of section 25 of the County Government Act the supervisors are vested with authority "to examine, settle, and allow all accounts legally chargeable against the county, except salaries of officers, and such demands as are authorized by law to be allowed by some other person or tribunal and order warrants to be drawn on the county treasurer therefor."

It is insisted by the respondent in support of the judgment of the trial court, that no charge against the county for the transcription of testimony taken down by an official stenographer of the superior court can be allowed, unless the order for its transcription is made by the judge of the superior court and the claim therefor approved and ordered paid out of the county treasury by the judge, under section 274 of the Code of Civil Procedure heretofore referred to.

It will be observed, however, that this section does not vest exclusive power in the court to order transcription of testimony in criminal cases. The section simply deals with the fees to be paid official stenographers of the superior court for reporting and for transcribing testimony, when ordered in cases pending before the court, and prescribes the method whereby payment shall be made,—namely, upon an order of court.

By section 228 of the County Government Act it is provided, however, that expenses necessarily incurred by the district attorney in the "prosecution of criminal cases" are county charges which under subdivision 11 of section 25 of the same act are to be paid out of the county funds under a claim presented to and allowed by the board of supervisors.

There is nothing in the provisions of section 274 of the Code of Civil Procedure fixing fees and providing how an allowance shall be paid to a reporter for reporting or for the transcription of testimony, which can be construed as a limitation upon the power of the district attorney, under the provisions of the County Government Act, in incurring an expense for the transcription of testimony to be used by him in a criminal case when he deems it necessary in the prosecution of such a case. The section of the Code of Civil Procedure only provides how payment shall be made upon order of the court when a transcription is ordered by the court. It does not provide an exclusive method whereby such a transcription may be obtained, but provides only that when the transcription is ordered by the court the power to pay for it is exclusively vested in the judge and is to be made by an order drawn by the judge on the county treasurer. But, because this power is conferred upon the court in a given instance, furnishes no reason for saying that under the provision of the County Government Act a transcription of testimony may not be obtained by the district attorney, for use in a criminal prosecution when he deems it necessary, except under an order of court, or that the board of supervisors, if they deem it a necessary charge, may not allow it. The district attorney is an executive officer charged with the detection of crime and the prosecution of criminal cases. In furtherance of the proper discharge of his duties the legislature has, under the section of the County Government Act, enlarged his power so as to permit him to incur expense necessary to enforce the criminal law. His authority to do so for that purpose is not made subject to the control or supervision of any court or judicial officer, but is a matter for the consideration of the board of supervisors alone to the extent of determining whether the expense was necessarily incurred so as to constitute a county charge. Of course, the right of a district attorney to incur expense is not an arbitrary one. All that the section of the County Government Act permits is to give to the district attorney, in the first instance, the discretion to determine whether it is necessary in the detection of crime, or the prosecution of a criminal case, to incur an expense chargeable against the county. Any such claim, however, must be presented to the board of supervisors for

allowance, and that body reviews the action of the district attorney and determines whether the expense was a necessary one and acts accordingly. And as the board of supervisors is vested with the authority to determine the question whether the expense was necessary or not, and is the tribunal to which is committed under the County Government Act the jurisdiction to supervise the action of the district attorney in incurring the expense, its determination that it was a proper and necessary expense, is conclusive (*Colusa County* v. *DeJarnatt,* 55 Cal. 375; *McFarland* v. *Cowen,* 98 Cal. 330, [33 Pac. 113]; *McBride* v. *Newlin,* 129 Cal. 36, [61 Pac. 577]; *County of Santa Cruz* v. *McPherson,* 133 Cal. 282, [65 Pac. 574]; *County of Alameda* v. *Ebers,* 136 Cal. 132, [68 Pac. 475]).

Much is said in argument of the necessity of the supervision by the superior court over expenses incurred by the district attorney to the end that unnecessary expenditures may not be allowed. It is not to be assumed that the district attorney will incur any unnecessary expenses. It is to be assumed that he, like all other public officials, will properly and conscientiously discharge his duties, and as the board of supervisors is charged with the duty of supervising all expenditures incurred by the district attorney and rejecting payment of those that are unwarranted, there is no reason for assuming that any invasion of the public treasury will be attempted or allowed.

In the case at bar it is not claimed but that the services in transcribing the testimony were rendered and the price charged therefor a fair one. It is not even seriously claimed that the transcription was not a necessary expense in the prosecution of the criminal case in which it was used. The only claim is that the transcript could only be ordered by the superior court and only paid for upon an order of the court. This was the view taken by the lower court and it was erroneous. There is no provision of the law which requires the district attorney to consult any court or obtain any order therefrom as a prerequisite for his incurring any expense which he may deem proper in the discharge of his duties in detecting crime or prosecuting criminal cases. It is not necessary for him to apply to the superior court for an order directing the transcription of testimony. He has a right to determine for himself in the first instance whether it is a necessary

expense to be incurred for the purposes for which he is permitted under the act to incur it, subject to having his discretion in that respect ultimately reviewed by the board of supervisors alone, and when that body determines that the discretion has been properly exercised; that the expense was necessarily incurred by him and the charges fair and reasonable, that is the end of the matter. The board of supervisors being vested with the exclusive power to allow the claim if they find it was necessarily incurred by the district attorney and that the charges are fair and reasonable, their action in that respect is not subject to the review or supervision of the courts, but is final and conclusive.

It appears the defendants demurred to the complaint and their demurrer was overruled. We have set forth the facts as found by the court which follow the allegations of the complaint. The facts as stated in the complaint constituted no cause of action and as this point was made on demurrer, the demurrer should have been sustained.

The judgment and order are reversed with instructions to the lower court to enter an order sustaining the demurrer to the complaint.

Angellotti, J., Shaw, J., Sloss, J., Melvin, J., Henshaw, J., and Beatty, C. J., concurred.