[Civ. No. 1687.    First Appellate District.—March 11, 1916.]

WALTER R. WELCH, Respondent, v. COUNTY OF SANTA CRUZ, Appellant.

PLEADING — JURISDICTION — DEMAND IN COMPLAINT DETERMINES.—The demand set forth in the complaint determines the jurisdiction of the superior court in actions at law seeking a money judgment; and the fact that the demand is made up in part of items which may prove not to be recoverable will not make the complaint subject to demurrer upon that ground.

CLAIM AGAINST COUNTY — STATUTE OF LIMITATIONS—SECTION 4075, POLITICAL CODE.—Under section 4075 of the Political Code, the supervisors cannot allow a claim against a county unless it is presented and filed with the clerk of the board within one year after the last item of the account or claim accrued, and where certain items of a claim against a county accrued more than one year prior to the presentation and filing of the account, they are barred, and the fact that one of the items accrued within the year does not revive the stale items.

APPEAL from a judgment of the Superior Court of Santa Cruz County.    Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

George W. Smith, for Appellant.

Charles B. Younger, for Respondent.

KERRIGAN, J.—This is an action instituted for the recovery of the sum of five hundred dollars, which the plaintiff alleges he expended and paid out in the discharge of his official duties as fish and game warden of the defendant, the county of Santa Cruz, for the twenty months from and including June, 1909, to December, 1910, and for the month of April, 1912. The action is based upon a claim for the aggregate of the items covering the whole of the period filed with the board of supervisors of the county by plaintiff on the twenty-seventh day of April, 1912.

The board allowed the claim in a sum of $25 only. The items constituting the claim were set forth in detail in an exhibit attached to and made a part of the complaint.

Defendant interposed a general and special demurrer to the complaint. One of the grounds of the demurrer is "that the claim or claims set forth in the complaint and the cause of action based thereupon as set forth in the said complaint are barred by the provisions of secs. 4075 and 4076 of the Political Code of California."

The demurrer was overruled by the court, whereupon the defendant answered, and after trial judgment went for the plaintiff in the amount of his demand. The appeal is before us on the judgment-roll alone.

Section 4075 of the Political Code reads as follows:

"The Board of supervisors must not hear or consider any claim in favor of any . . . person, . . . against the county, nor shall the board credit or allow any claim or bill against the county or district fund, unless the same be itemized, . . . and is presented and filed with the clerk of the board within a year after the last item of the account or claim accrued."

The first point made by the appellant in support of his appeal is that the demurrer to the complaint should have been sustained for the reason, as contended, that all but $25 of the sum demanded in the complaint was barred by the provisions of section 4075 of the Political Code above quoted, and consequently the complaint states a cause of action for the sum of $25 only.

But it is the amount of the demand that determines the jurisdiction of the superior court in actions at law seeking a money judgment; and the fact that the demand is made up in part of items which may prove not to be recoverable will not make the complaint subject to demurrer upon that ground. As was stated in the case of *Nelson* v. *Merced County,* 122 Cal. 644, [55 Pac. 421], ''There being but one cause of action pleaded in the complaint, if a recovery could be had for any part of the claim it (the demurrer to the complaint) should have been overruled.''

But, so far as the amount for which the court rendered judgment is concerned, it appears to us that the appellant's contention that the board of supervisors of the county had no jurisdiction to allow any of the items of the plaintiff's claim except those items thereof amounting to the sum of $25 which accrued in the month of April, 1912, and that accordingly the plaintiff could not recover more, must be sustained. It is true, as pointed out by the respondent, that the last item of the account accrued within one year before it was presented and filed. But, on the other hand, at the time of the accrual of this item more than a year had elapsed since the accrual of the item next preceding it, which is dated December 31, 1910. The plaintiff had until December 31, 1911, in which to present and file with the clerk of the board his demand therefor, and not having done so it was barred together with all earlier items. The fact that fourteen months later he has a new demand against the county will not revive the stale items. We think the analogy between the situation here presented, and that of the application of the statute of limitations to an account current, is quite clear. The rule as to the latter is thus stated in 25 Cyc., p. 1127: ''Where the mutual dealings have ceased for the statutory period after the date of the last item, so that during that time there are no items on either side of the account, the whole account is barred; and in such a case subsequent items are unavailing to remove the bar.''

The language used by the supreme court in *Nelson* v. *Merced County,* 122 Cal. 644, [55 Pac. 421], upon this last point, is not applicable to the facts of this case. In that case some of the items of the account were attacked because incurred more than a year before the presentation of the account; and it was held that inasmuch as the last item ·was

within time the fact that the first item was more than a year old was immaterial; but an examination of that case will disclose that there was not, at any time before the presentation and filing of the claim, a point at which the account was barred. In other words, the interval of time between items was always less than one year. The decision in that case is not therefore authority for the contention of the respondent.

For the reasons stated we think the court erred in giving judgment for any but the last items of the account aggregating $25; the judgment is therefore modified by striking therefrom the sum of $475, and as thus modified it will stand affirmed—appellant to recover its costs of this appeal.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 4, 1916.