[Civ. No. 2767.    Second Appellate District, Division One.—February 20, 1920.]

GEORGE RICE & SONS (a Corporation), Appellant, v. PARK W. COWAN, Respondent.

[1] BOOK ACCOUNT—INCLUSION OF MONEY LOANED—STATUTE OF LIMITATIONS.—Money loaned by one person to another pursuant to an oral agreement is a proper subject of book account; and where such indebtedness is regularly entered in an open book account existing between the parties, the four year and not the two year statute of limitations is applicable.

46 Cal. App.—15

APPEAL from a judgment of the Superior Court of Los Angeles County. Dana R. Weller, Judge. Reversed.

The facts are stated in the opinion of the court.

Milton K. Young and Will Hays for Appellant.

Samuel H. Pardue for Respondent.

CONREY, P. J.—The plaintiff appeals from a judgment in its favor for the sum of $68.58 with interest, and which excluded an item of six hundred dollars and interest for money loaned by plaintiff to defendant and included in an open book account. The appellant contends that the evidence is insufficient to justify the court's finding to the effect that the cause of action on said item of six hundred dollars is barred by subdivision 1 of section 339 of the Code of Civil Procedure. That money was loaned by the plaintiff to the defendant more than two years and less than four years from the date of commencement of this action. The cause of action, therefore, was not barred, unless such item was not capable of being included in an open book account. (Code Civ. Proc., sec. 337, subd. 2.)

[1] The defendant was a stockholder and director of plaintiff corporation and was also an employee of the plaintiff. That an open book account did exist between them, consisting of various items, is a fact beyond controversy. While the account was running and unsettled, the defendant found it necessary to borrow the sum of six hundred dollars to enable him to make a payment on account of the purchase by him of certain real property. As shown by his own testimony, he obtained the money from the plaintiff for the purpose above stated. He did not ask the plaintiff to charge the item on the books, but did not object to it so doing. "I have been having items charged to me on the books of account there for some time. I was familiar with the facts that an account was kept. . . . I expected it to be charged to me. I expected it, made a loan of it. I didn't know whether it would be charged in that book account or not. They would have to make a record of it. I didn't know of any place else they would make a record of it." Defendant further testified that "there was nothing said about paying

it back, in any way, shape, or form; as I remember it, there was nothing said about interest.'' The plaintiff's witness, Irwin H. Rice, through whom the loan was made, testified that the defendant said that he needed six hundred dollars and thought it would be just as well if he would take it out of the company and pay the company interest on it at the rate of six per cent. On this evidence the court found that the defendant agreed to pay interest at the rate of six per cent per annum, and that said loan and interest so agreed to be paid was not a proper subject of book account, although the same was regularly entered in said open book account. In rendering judgment the court's theory apparently was that because the transaction was a loan upon a direct promise to pay the same with interest, and because the business of lending money was not one of the purposes for which plaintiff corporation was organized, that therefore this transaction could not be the subject of open book account between the plaintiff and defendant.

In *Mercantile Trust Co.* v. *Doe,* 26 Cal. App. 246, 253, [146 Pac. 692, 694], the court quotes 1 Ruling Case Law, page 207, as follows: ''The expression 'outstanding and open account' has a well-defined and well-understood meaning. In legal and commercial transactions it is an unsettled debt arising from items of work and labor, goods sold and delivered, and other open transactions, not reduced to writing,' and subject to future settlement and adjustment. It is usually disclosed by the account books of the owner of the demand, and does not include express contracts or obligations which have been reduced to writing, such as bonds, bills of exchange, or promissory notes.'' In *Schneider* v. *Oakman Consolidated Min. Co.,* 38 Cal. App. 338, [176 Pac. 177], the defendant claimed that a certain item charged in an open book account of plaintiff's assignor, one Dillon, against the defendant, could not be charged against defendant in that account because it was due upon a ''special contract.'' But the court said that it could see no reason why the item was not properly so charged. ''Oakman, the president of the company and its responsible directing officer, wrote Dillon telling him not to worry about this one thousand five hundred dollars, and assuring him that it would be paid. It was somewhat irregular to enter it upon the books as late as August, 1914, but it made a part of the transaction between

the parties and was properly included in the account between them. The justice of the claim is not denied, and the only defense set up thereto is the statute of limitations, and that it was not properly included in the proofs to sustain the account." On the facts thus existing the court sustained the claim as one properly included in the book account. The defense in that action, as in the case at bar, was that the item was barred by subdivision 1 of section 339 of the Code of Civil Procedure. We think that the court's decision upon the point at issue was erroneous.

That part of the judgment from which plaintiff appealed is reversed.

Shaw, J., and James, J., concurred.