[S. F. No. 16156. In Bank.—May 16, 1939.]

C. E. SKIDMORE et al., Appellants, v. COUNTY OF ALA-
MEDA, Respondent.

Frank L. Guerena, Hester W. Webb and William H. Mackay for Appellants.

Earl Warren, District Attorney, Alameda County, Ralph E. Hoyt, Chief Assistant District Attorney, and James H. Oakley, Deputy District Attorney, for Respondents.

SHENK, J.—The plaintiffs sued on a claim filed with the board of supervisors of Alameda County on May 11, 1932, and rejected. The claim contained a list of items alleged to have accrued to the plaintiffs between April 1, 1922, and February 19, 1932. The defendant interposed the defense of accord and satisfaction by an alleged final payment to the plaintiffs, and pleaded as a bar the provisions of section 4075 of the Political Code, which limit the time for filing claims to one year after the last accrued item of the account. Judgment was rendered for the defendant and the plaintiffs appealed.

On March 30, 1922, the board of supervisors of the defendant county adopted a resolution by which the plaintiffs

Skidmore and Kramer were employed to check all deeds and sales to the state of unredeemed or unsold property in said county on which taxes were first delinquent in 1916–17 and prior years. The resolution required the plaintiffs to submit reports covering all such sales to the state, with recommendations as to further disposition of the separate parcels. By the resolution the plaintiffs were to be paid for their services an amount equal to 50 per cent of the county's proportion of all moneys received on the redemptions or sales of such properties, with certain exceptions not material here. Warrants were to be issued monthly up to 75 per cent of the amount shown to be due during the preceding month, the remaining 25 per cent to be paid when the plaintiffs furnished an affidavit to the effect that they had checked "the records of the United States Land office, the State Surveyor's office, County Auditor's and County Recorder's office of the County of Alameda to the extent necessary for a complete performance of the things required to be done and performed by them under this resolution, and have also submitted to the Board of Supervisors of Alameda County their report and recommendation, as hereinbefore provided". It was provided that in no event should the compensation of the plaintiffs for such services exceed $12,000.

The plaintiffs commenced performance at once and as the work progressed furnished lists, reports and recommendations to the board as required by the contract. Sales and redemptions of numerous parcels were made in accordance with the recommendations of the plaintiffs. Warrants representing 75 per cent of the amount due to the plaintiffs were issued periodically. Prior to November 3, 1927, the plaintiffs completed their work of checking and making reports and recommendations, and filed the required affidavit with the board of supervisors. On the date last mentioned the board adopted a resolution reciting those facts and resolving that the services of the plaintiffs were "hereby accepted as full and complete performance of the things required to be done and performed by them", under the contract, and that the "county auditor be and he is hereby authorized to issue his warrant in favor of said A. L. Kramer and C. E. Skidmore for the final payment due said persons under and by virtue of the terms of said contract". The auditor accordingly drew a warrant for the sum of $860.97, and the proceeds thereof were collected by the plaintiffs.

In concluding that the plaintiffs were entitled to nothing, the trial court apparently was of the opinion that the board properly rejected the claim on the ground that the receipt of the sum of $860.97 was full payment to the plaintiffs under the contract. It appeared beyond dispute, however, that said sum of $860.97 represented the final 25 per cent of the amount reported by the county as due and payable to the plaintiffs up to that time; that sales and redemptions in addition to those accounted for by the periodic and final payments to the plaintiffs were consummated and that the proceeds thereof were retained by the county without any accounting to the plaintiffs; that the items unaccounted for accrued in each of the years 1922 to 1932, inclusive, and that the last item accrued within one year prior to the filing of the claim.

The claim filed with the board contained a list of the unaccounted for items representing sales actually made as a result of the plaintiffs' reports and recommendations. Some of those sales occurred before and some after the alleged "final payment" authorized under the resolution of November 3, 1927. Also included in the plaintiffs' claim was a list of all properties referred to in their reports and recommendations which have not yet been sold or redeemed, but which if sold or redeemed would, it is contended, entitle the plaintiffs to compensation in excess of $12,000. The complaint included a cause of action based on the county's refusal and failure to permit sales of such properties, and under which it was sought to recover the difference between the sums theretofore received by them and the maximum of $12,000 specified in the contract, or $8,264.77.

The cases of *Skidmore* v. *West*, 186 Cal. 212 [199 Pac. 497], and *Skidmore* v. *Dambacher*, 6 Cal. App. (2d) 83 [43 Pac. (2d) 1110], have settled favorably to the plaintiffs the question of the validity of the contract herein involved. However, there is nothing stated in those decisions, nor do we find any provision of the present contract, which would warrant a conclusion that the county was bound to sell every parcel of land recommended to be sold in the plaintiffs' reports. There is no limitation of time stated in the contract within which the county must effect a sale of parcels not redeemed. Whether such a provision, if included, would be valid, it is not now necessary to decide. ▮ Such a limitation may not be inferred for the purpose of ac-

celerating the due date of the compensation to be paid to the plaintiffs. The contrary intent is in fact expressed by the provision that the compensation of the plaintiffs is to be measured by one-half the county's proportion of the proceeds received from actual sales or redemptions. But the plaintiffs are nevertheless entitled to recover any portion of their claim, less than the whole, which is legally due them. (*Nelson* v. *Merced County,* 122 Cal. 644, 646 [55 Pac. 421]; *Welch* v. *County of Santa Cruz,* 30 Cal. App. 123 [156 Pac. 1003].)

The plaintiffs contend that the resolution of November 3, 1927, authorizing the "final payment" and the receipt by them of the proceeds of the warrant issued thereunder, may not be construed as an accord and satisfaction, or payment in full of all sums due or to become due under the resolution embodying the contract between them and the county.

The terms of the contract, the wording of the resolution of November 3, 1927, the amount of the warrant representing such "final" payment, and the subsequent issue of further warrants to the plaintiffs, all indicate conclusively that by the issuance of the warrant for $860.97 it was intended to discharge only the 25 per cent withheld by the county until the complete performance by the plaintiffs of the services contemplated by the first resolution. There was no dispute between the parties at the time with reference to the actual sales or redemptions effected pursuant to the plaintiffs' report and recommendations. In fact it was only a short time before the filing of their claim that the plaintiffs acquired knowledge of sales of parcels in addition to those as to which compensation had been computed and received. As stated, the amount of the warrant for $860.97 represented exactly 25 per cent of the amounts theretofore reported by the county as payable to the plaintiffs, 75 per cent of which had previously been received by them. In the years 1929, 1930 and 1931, six additional warrants, varying in amounts from $4.50 to $206, were issued to and collected by the plaintiffs, representing further sales made by the county subsequent to the resolution of November 3, 1927. Each of these additional warrants represented a sum equal to 50 per cent of the moneys received by the county on such sales, and therefore admittedly represented 100 per cent of the amount thereby due to the plaintiffs under the contract. There is no evidence which would warrant the conclusion of the board

of supervisors or of the trial court that the warrant issued pursuant to the resolution of November 3, 1927, was in full payment and satisfaction of all past and future unpaid claims to compensation which the plaintiffs might have under the contract. The only proper conclusion on the record is that the payment designated "final", pursuant to the resolution of the board, settled only the claims for items of compensation which the warrant specified and was thus intended to represent.

The question then is whether the plaintiffs are entitled to recover any of the items of compensation based on sales made prior to one year next preceding the filing of their claim. The county asserts that the provisions of section 4075 of the Political Code bar all items of the claim which accrued more than one year prior to the time when the claim was filed with the board. That section specifies that the claim must be presented and filed "within a year after the last item of the account or claim accrued".

There is no question that a year has not elapsed between the accrual of the items set forth in the plaintiffs' claim. If therefore the items showing amounts actually received by the county for sales as a result of the plaintiffs' reports and recommendations, and as to which they had not theretofore received their measure of compensation, may be deemed to constitute an "account or claim" within said section 4075, the plaintiffs would be entitled to recover on all such items. (*City of Los Angeles* v. *County of Los Angeles,* 9 Cal. (2d) 624 [72 Pac. (2d) 138, 113 A. L. R. 370] ; *Nelson* v. *Merced County,* 122 Cal. 644 [55 Pac. 421].)

To support its contention that the plaintiffs' claim was not an "account", but represented separate causes of action embraced within one alleged claim, and that as to each the statute applied independently, the defendant relies on cases such as *Millet* v. *Bradbury,* 109 Cal. 170 [41 Pac. 865] , *Lee* v. *De Forest,* 22 Cal. App. (2d) 351 [71 Pac. (2d) 285] , *George Rice & Sons* v. *Cowan,* 46 Cal. App. 225 [189 Pac. 132], and *People* v. *California Safe Deposit & Trust Co.,* 41 Cal. App. 727 [183 Pac. 289]. Those cases give the technical definitions of a mutal "account" connoting entries of both debit and credit, the deduction of items on one side of the account from the amount of the items on the other side for the purpose of striking a balance, and exclude express contracts and obligations reduced to writing, and "instalment" con-

tracts. The facts involved the application of the general statutes of limitations. Assuming the pertinency of such decisions under appropriate statutes of limitation, we must here be guided by the intention of the legislature in adopting the Political Code section pleaded by the defendant.

As noted in *Nelson* v. *Merced County, supra,* at page 647, "statutes of limitations are to be strictly construed and the court must find the intention of the legislature from the statute itself". The code section applies to *any claim* in favor of any person, and would include a claim arising under express contract. The words "account" and "claim" are both used, indicating that a claim is not necessarily to be restricted to the essential requirements of a formal or technical account, as defined in the cases relied upon by the defendant. A much broader meaning is very obviously intended. ■ There is no language in the statute to express the intent that varying amounts which become due to the claimant for the performance of specified services under an express contract should be treated as separate claims, rather than as the items of one claim. The statute contains no limitation and must be applied as it plainly reads. It was so applied in *Nelson* v. *Merced County, supra,* where the claimant sought payment for services based on a *per diem* stipend unpaid for more than three years prior to the filing of the claim. It was held that under a similar statute "all employment by the day under the same contract, at a stipulated compensation, is the proper subject of an account to be embraced in a single cause of action". No controlling distinction may be drawn in the present case because some act on the part of the county was essential before compensation became due to the plaintiffs. There was here but one contract of employment, and several items of compensation became due to the plaintiffs under the terms thereof. Inasmuch as the lapse of one year has not intervened between any of the items, and the claim was filed in compliance with law, the plaintiffs, on this record, are entitled to recover the whole amount of such items accrued and unpaid.

■ The plaintiffs' action was timely brought pursuant to the provisions of section 4078, Political Code, which permit an action on a rejected claim. (Sec. 342, Code Civ. Proc.) ■ The decision in the case of *Cunning* v. *County of Humboldt,* 204 Cal. 31 [266 Pac. 522], answers the defendant's contention that the finding of the board of super-

visors on factual issues was final and conclusive and cannot be inquired into except for fraud or upon a showing that the board acted in excess of or without jurisdiction. In that case it was said: "In the absence of fraud the approval of a claim by the local board of supervisors is conclusive upon the county. (*County of Yolo* v. *Joyce,* 156 Cal. 429, 432 [105 Pac. 125].) However, the converse does not necessarily follow and upon the rejection of a claim by such board the claimant may bring an action at law and establish his claim against the county as fully and effectively as it would have been established by a favorable order of the board in the first instance."

The defendant does not refer to, nor does there appear to be included in the statute, any limitation upon the jurisdiction of the court in the trial of an action permitted to be brought on a rejected claim pursuant to section 4078 of the Political Code. The absence of any such restriction on the jurisdiction of the court in the trial of the issues in such a case was thus impliedly recognized by the decision in the case last above cited. Furthermore, as hereinbefore noted, there is no conflict on any material issue of fact in the present case. The law, as applied to the undisputed showing, requires a reversal of the judgment.

The judgment is reversed.

Curtis, J., Edmonds, J., Langdon, J., Seawell, J., and Houser, J., concurred.