**Bertha ESTRELLA, Plaintiff-Appellant,**

**v.**

**George A. BRANDT, M.D., and French Hospital, Defendants-Appellees.**

**No. 81-5754.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 1982.

Decided July 28, 1982.

Amended and Rehearing and Rehearing En Banc Denied Oct. 27, 1982.

---

Manuel Hidalgo, Los Angeles, Cal., for plaintiff-appellant.

Michael A. Bell, Fidler & Bell, Riverside, Cal., Patty Mortl, Los Angeles, Cal., argued, for defendants-appellees; Mark A. Juhas, Harrington, Foxx Dubrow & Canter, Los Angeles, Cal., on brief.

Before ELY, SCHROEDER and NORRIS, Circuit Judges.

ELY, Circuit Judge:

Plaintiff Bertha Estrella appeals from summary judgment entered for defendants George A. Brandt, M.D., and French Hospital in this medical malpractice action. Because we conclude that the District Court erroneously interpreted the applicable statutes of limitations, Cal.Civ.Pro.Code §§ 340.5, 356, 364, we reverse.

## I. FACTS

Plaintiff was admitted to French Hospital on May 27, 1977, suffering multiple complications of eclampsia related to her pregnancy. Her blood pressure was elevated, her extremities were swollen, and within an hour she convulsed. Six hours later she was transferred to Los Angeles County/USC Medical Center, where her baby was delivered by Caesarian section.

Between May 27 and June 8, 1977, plaintiff suffered a number of serious medical problems, most of which were resolved by the time of her discharge from the Medical Center on June 19, 1977. Plaintiff contends that sometime after June 19, 1977, she discovered she had suffered brain damage. Plaintiff, however, submitted no probative evidence in her summary judgment papers relating to the alleged brain damage.

Plaintiff served the requisite Notice of Intent to commence an action against defendants on April 21, 1980, and filed her complaint on September 9, 1980. She alleged negligence on the part of both defendants in their prenatal care of plaintiff between November 12, 1976, and May 27, 1977, which proximately caused her condition "to ripen into eclmapsia [sic], in turn causing plaintiff great pain of body and mind." Plaintiff's Complaint at 2.

Defendants moved to dismiss the action on November 24, 1980, on the basis that the complaint was barred by the three-year statute of limitations, Cal.Civ.Pro.Code § 340.5. The District Court, treating the motions as motions for summary judgment, denied summary judgment and held the complaint timely under *Gomez v. Valley View Sanitorium,* 87 Cal.App.3d 507, 151 Cal.Rptr. 97 (1978), the only reported California decision construing the applicable limitations sections. The court construed *Gomez* as allowing 180 days after the date of service of the Notice of Intent to Commence Action in which to file the complaint.

Defendants again moved for summary judgment on July 29, 1981, citing a new appellate decision, *Braham v. Sorenson,* 119 Cal.App.3d 367, 174 Cal.Rptr. 39 (1981), as support for their contention that plaintiff was allowed no more than three years plus 90 days after the date of injury in which to file the complaint. The District Court concluded that even though *Braham* conflicted with the earlier *Gomez* case, *Braham* set forth the better rule. Under *Braham,* the District Court concluded, if appreciable harm to plaintiff manifested itself before June 11, 1977, the complaint was untimely and thus barred. The court found that there was no genuine issue that appreciable harm had manifested itself before June 11, 1977, and it granted defendants' motions for summary judgment.

## II. DISCUSSION

Plaintiff raises three issues on appeal: (1) whether summary judgment was improper because there existed a genuine issue as to plaintiff's "date of injury"; (2) whether the District Court erred in applying the *Braham* interpretation of the applicable California statutes of limitations; and (3) whether the District Court erred in applying the *Braham* rule retrospectively to this case. For purposes of our disposition we begin with the issue of statutory interpretation.

### A. Interpreting the Applicable Statutes of Limitations

Three California appellate courts have now construed the meaning of the applicable statutes of limitations, whose conflicting provisions provide:

§ 340.5 In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury . . . .

§ 364 (a) No action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action.

.   .   .   .   .

(d) If the notice is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days from the service of the notice.

§ 356 . . . When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action.

In the earliest case, *Gomez v. Valley View Sanitorium,* 87 Cal.App.3d 507, 151 Cal.Rptr. 97 (1978), the court construed the sections to allow a plaintiff, if she gives the requisite notice within 90 days of the end of the original limitations period, a new limitations deadline of 180 days after notice is served:

Because Code of Civil Procedure section 364 prohibits the commencement of

an action until 90 days have expired when a plaintiff serves the required notice of intention to commence it, that 90-day period must be excluded when calculating the applicable statute of limitations. Where section 364 also operates to extend the period of limitations because notice is served within 90 days of the expiration of the statute, the plaintiff is entitled to *that extension* [90 days under § 364(d)] as well as the tolling of the statute during the 90 days plaintiff is prohibited from filing his action.

87 Cal.App.3d at 510, 151 Cal.Rptr. at 98 (footnote omitted) (emphasis added). The *Gomez* court held that a complaint filed after the expiration of the original limitations period, and after the 90-day extension of section 364(d), was nevertheless timely because of the 90-day tolling period required by section 356.

In the next case, *Braham v. Sorenson*, 119 Cal.App.3d 367, 174 Cal.Rptr. 39 (1981), the court rejected the contention that plaintiff was entitled to more than 90 days after the expiration of the original limitations period. The court first construed sections 364(a) and 356 together as requiring a 90-day extension to the original limitations period in all cases in which a 90-day notice was required by section 364(a). 119 Cal.App.3d at 370–71, 174 Cal.Rptr. at 41. The court then declined to interpret section 364(d) as adding 90 days, or any other period, to the 90-day extension already construed. The court distinguished *Gomez* on the basis that the *Gomez* plaintiff did file within 90 days after the original limitations period expired. *See* 119 Cal.App.3d at 372–73, 174 Cal.Rptr. at 42–43.

Finally, in *Banfield v. Sierra View Local District Hospital*, 124 Cal.App.3d 444, 177 Cal.Rptr. 290 (1981), the Court of Appeal, after an extended discussion of the limitations provisions and the prior cases, concluded that the *Braham* construction was correct. The majority rejected the dissenter's argument that section 364(d) was rendered superfluous, concluding that the "Legislature enacted subdivision (d) to make clear that a plaintiff who is prohibit-ed from filing suit against a health care provider for 90 days, will receive *at least* an additional 90 days within which to file suit." 124 Cal.App.3d at 460, 177 Cal.Rptr. at 298 (emphasis added). The majority and dissent agreed that the *Gomez* language relied upon by plaintiff was dictum, since the *Gomez* plaintiff had timely filed even under the *Braham* rule. *See* 124 Cal.App.3d at 458, 461, 466, 177 Cal.Rptr. at 297, 299, 302.

■ Under the *Erie* doctrine, a federal court sitting in diversity is not free to reject a state judicial rule of law merely because it has not received the sanction of the state's highest court, but it must ascertain from all available data what the state law is and apply it. *West v. A. T. & T. Co.*, 311 U.S. 223, 236–37, 61 S.Ct. 179, 183–184, 85 L.Ed. 139 (1940). An intermediate state appellate court decision is a "datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Id.* at 237, 61 S.Ct. at 183.

In this case the District Court, faced with conflicting appellate decisions concerning "a complex question of statutory interpretation," *see Banfield*, 124 Cal.App.3d at 462, 177 Cal.Rptr. at 300, decided that the *Braham* construction was "more logical and more in accord with the manifested legislative intent." IV Reporter's Transcript at 6. Considering the language of the statutes and California principles of statutory construction, however, we are convinced that the highest court of California would be compelled to adopt the interpretation advanced by plaintiff.

In *Banfield*, the only California decision that thoroughly discusses the problem of construing sections 364(a), 364(d), and 356, the majority reasoned that principles of statutory construction followed in *People v. Ventura Refining Co.*, 204 Cal. 286, 268 P. 347 (1928), should apply: "When a statute is fairly susceptible of two constructions, one leading inevitably to mischief or absurdity and the other consisting of sound sense and wise policy, the former should be rejected and the latter adopted." *Id.* at

292, 268 P. at 350 (quoting *In re Haines*, 195 Cal. 605, 613, 234 P. 883, 885 (1925)). The *Gomez* construction, the court reasoned, engenders mischief by (1) rewarding the dilatory plaintiff—one who does not serve notice until within the last 90 days of her limitations period—with more than the 90 extra days that a more diligent plaintiff receives, and (2) causing this additional period awarded the dilatory plaintiff to vary with the actual date notice is served, a result not consistent with the notion of a uniform limitations period. *See Banfield*, 124 Cal.App.3d at 461, 177 Cal.Rptr. at 290.

On the other hand, as the *Banfield* dissent noted, the *Braham* construction of the statute renders section 364(d) superfluous. If every plaintiff is entitled only to the 90-day tolling period when notice is required, there is no reason to examine the date notice is served—the date specified by section 364(d). Thus, it is questionable whether "the words are sufficiently flexible to admit of some other construction ...." *Ventura Refining Co.*, 204 Cal. at 292, 268 P. at 350. Also, it is not unreasonable to assume the Legislature intended a variable limitations period since the words of section 364(d) refer expressly to a variable date (the date of service of the notice). *See Banfield*, 124 Cal.App.3d at 467–68, 177 Cal. Rptr. at 303 (Woolpert, J., dissenting).

■ We agree with the *Banfield* dissent that the *Gomez* construction is the only one that breathes life into section 364(d). *See id.* at 467, 177 Cal.Rptr. at 302 (Woolpert, J., dissenting). We are not persuaded that the California Supreme Court would adopt a construction of these statutes that renders one of them meaningless. Even though statutes of limitations are to be viewed favorably as affording to parties, who may by the lapse of time have lost the ability to procure evidence, security from stale claims, *Wyatt v. Union Mortgage Co.*, 24 Cal.3d 773, 787, 157 Cal.Rptr. 392, 400, 598 P.2d 45, 53 (1979); *People v. Universal Film Exchanges, Inc.*, 34 Cal.2d 649, 659, 213 P.2d 697, 703 (1950), statutes of limitations are to be strictly construed and the court must find the intention of the Legislature from the statute itself, *Skidmore v. County of Alameda*, 13 Cal.2d 534, 540, 90 P.2d 577, 581 (1939).

■ The *Braham/Banfield* interpretation yields a result that wholly ignores the dictates of section 364(d): to extend "the time for the commencement of the action," *i.e.,* the limitations period, for a period of 90 days measured from the date notice of intent to sue is served. From the language of section 364(d) it is apparent that the Legislature intended (1) that for a plaintiff who serves notice within the last 90 days of the original limitations period that period is "extended" for a variable period beyond the initial expiration date, not "tolled" for an automatic 90 days, and (2) that the extension be calculated from the date of "service of the notice," by its terms a date that varies with each case.

We cannot accept the view that the Legislature intended section 364(d) as a mere "clarification" to litigants as to the operation of section 356 upon the limitations period. *See Banfield*, 124 Cal.App.3d at 460, 177 Cal.Rptr. at 298. The operation of section 356 is perfectly clear without the "clarification" of section 364(d); moreover, such "clarification" comes only as a result of distorting the language of section 364(d) (the section does not read "*at least* 90 days," as construed in *Banfield* ).

With respect to the argument that this interpretation creates certain anomalies, we again agree with the *Banfield* dissent: (1) it is evident that the Legislature *intended* a variable limitation period, for the section dictates measuring the extension from a variable date (the date of service); (2) the apparent inequity in the operation of the statute does not justify "read[ing] code sections, validly enacted by the Legislature, out of existence just to reach an otherwise socially desirable result." *Id.* at 467, 177 Cal.Rptr. at 303 (Woolpert, J., dissenting). Even conceding that it is apparent from these statutes that the Legislature did not intend such a benefit to plaintiffs facing the last 90 days of their limitations periods, a conclusion that we regard as questionable, we conclude that the words of section

364(d) are not "sufficiently flexible to admit of [a] construction ... to effectuate that intention." *People v. Ventura Refining Co.*, 204 Cal. 286, 292, 268 P. 347, 350 (1928).

Plaintiff served her Notice of Intent to commence an action on April 21, 1980, less than 90 days before the expiration of the original limitations period.[1] Her complaint was timely filed within 180 days after the date of service of the Notice of Intent. The summary judgment for defendants, therefore, must be reversed.[2]

## B. *Fact Issues Concerning the "Date of Injury" to Plaintiff*

■ Plaintiff contends also that summary judgment is precluded because a genuine issue of fact exists as to when the statute of limitations began to run.

The statute of limitations invoked by defendants provides that the time for commencement of a medical malpractice action "shall be three years after the *date of injury.*" Cal.Civ.Pro.Code § 340.5 (emphasis added). California courts have uniformly interpreted the term "injury" in section 340.5 to mean the damaging effect of the wrongful act, not the act itself. *See Larcher v. Wanless*, 18 Cal.3d 646, 656 n.11, 135 Cal.Rptr. 75, 80 n.11, 557 P.2d 507, 512 (1976). "[U]ntil plaintiff 'suffers appreciable harm' he cannot establish a cause of action," thus "a person is 'injured' when [the] damaging effect or pathology *first manifests itself* regardless of any knowledge on plaintiff's part that it was negligently caused." *Bispo v. Burton*, 82 Cal. App.3d 824, 831, 147 Cal.Rptr. 442, 445 (1978) (emphasis added) (quoting in part *Larcher*, 18 Cal.3d at 656, 135 Cal.Rptr. at 80, 557 P.2d at 512).

The District Court reasoned that if it applied the statute of limitations rule in *Braham* the complaint was untimely if plaintiff's appreciable harm first manifested itself well before June 11, 1977.[3] After deciding to apply the *Braham* rule, the court reviewed all of the submitted evidence and concluded that "appreciable harm existed, had manifested itself well before the last problem noted on the problem list [June 8, 1977]." IV Reporter's Transcript at 14.

A review of the evidence submitted, which consisted entirely of hospital records that were undisputed, supports the court's conclusion. Plaintiff was admitted to the Los Angeles County/USC Medical Center with serious problems on May 27, 1977, and she developed at least eight more medical problems prior to June 8, 1977. Her complaint alleges acts of omission that led to eclampsia; she was admitted to the French Hospital on May 27, 1977 with a diagnosed case of eclampsia.

Plaintiff contends that she did not suffer "appreciable harm" until "her overall condition and the true consequences of the Defendants' negligence finally became clear." Opening Brief of Appellant at 17–18. However, in interpreting the three-year limitation period from the date of "injury," California courts have held that a plaintiff's knowledge or discovery of the negligent cause of her harm is not relevant. *See Bispo*, 82 Cal.App.3d at 831, 147 Cal.Rptr. 442.

■ Moreover, plaintiff has not properly raised a factual issue by alleging the discovery of brain damage after July 19, 1977. Plaintiff's assertion of brain damage appears only in her attorney's legal memoranda filed with the District Court. Legal memoranda and oral argument are not evi-

---

1. The District Court found only that the date of plaintiff's injury was sometime prior to June 11, 1977. *See* Part II(B) *infra.* Defendants have not argued that the date of injury was prior to April 21, 1977, and that plaintiff's notice was thus served after the expiration of the original three-year limitations period.

2. In view of our conclusion we need not reach plaintiff's contention that the *Braham* rule was erroneously applied retrospectively in this case.

3. Under the *Braham* rule, plaintiff would have three years plus 90 days within which to file her complaint; she filed her complaint on September 9, 1980; June 11, 1977 is exactly three years and 90 days earlier.

dence and do not create issues of fact capable of defeating an otherwise valid summary judgment. *Flaherty v. Warehousemen Local 334*, 574 F.2d 484, 486 n.2 (9th Cir. 1978). Thus, the District Court correctly dismissed this assertion as not supported by probative evidence.

Because the District Court determined only that there was no genuine issue that the date of plaintiff's injury was sometime prior to June 11, 1977, we have no occasion to consider whether a genuine issue of fact remains regarding whether the date of injury was prior to April 21, 1977. *See* note 1 *supra.*

REVERSED.[4]

---

**4.** We have not overlooked the principle that a District Court's considered view as to the law of the state in which it sits is entitled to great weight. Here, however, we are confronted with a purely legal question involving the interpretation of statutes, and we are convinced that the District Court clearly erred in its interpretation of those statutes.