[Civ. No. 5177. Third Appellate District.—April 10, 1935.]

C. E. SKIDMORE, Petitioner, v. C. A. DAMBACHER, as County Auditor, etc., Respondent.

Frank L. Guerena for Petitioner.

C. H. Grayson, District Attorney, for Respondent.

THOMPSON, J.—Upon rehearing of this proceeding a stipulation of facts was filed, which was theretofore inadvertently omitted from the record. By consent a second stipulation of facts was also filed upon rehearing. The agreed facts which are conceded by these stipulations necessarily change the former determination of this court, which was based chiefly on the lack of proof that the county of Tuolumne possessed the funds with which to satisfy the claim of the petitioner.

This is a petition for a writ of *mandamus* to compel the Auditor of Tuolumne County to audit a claim and issue his warrant therefor in payment of services which were performed pursuant to two written contracts with the board of supervisors of that county.

The petitioner alleges that on December 7, 1931, he entered into an agreement with the county of Tuolumne upon the terms and conditions expressed in a resolution which was duly passed by the board of supervisors as follows:

"Be It Resolved, that C. E. Skidmore be and he is hereby authorized to check the tax records of Tuolumne County, California, of property on which the taxes were first delinquent for the fiscal year 1925–1926 or are delinquent for prior years, which do not show redemption, cancellation, or sale by the state, on deeds or certificates of sale; said party shall also submit reports covering all such delinquencies, together with recommendation as to further disposition of the same and shall submit lists upon which requests for authorization from the State Controller may be made to advertise and sell as provided for by Section 3897 of the Political Code of the State of California.

"Said County of Tuolumne will pay said C. E. Skidmore for such services an amount equal to fifty per cent (50%) of the County of Tuolumne's portion of all moneys received by the said County of Tuolumne from and after this date for redemption or sale of said property above referred to, payments thereof to be made at the regular monthly meeting of the board for the allowance of claims, upon the

statement of the County Auditor showing the amount paid in on redemptions and sales of property covered by this contract, subsequent to the last payment thereon; the final payment thereof to be made to said C. E. Skidmore when he has furnished an affidavit setting forth that he has checked, or caused to be checked, the records of the United States Land Office, the State Surveyor's office, the State Controller's Office, County Auditor's office and County Recorder's office of the County of Tuolumne to the extent necessary for a complete performance of the things required to be done and performed by him under this resolution, and has also submitted to the Board of Supervisors of Tuolumne County his report and recommendations as hereinabove provided.

"Dated: December 7, 1931."

On May 6, 1930, the petitioner entered into a similar contract with Tuolumne County, evidenced by a resolution of the board of supervisors in substantially the same language which is employed in the preceding quoted resolution.

The petition alleges that pursuant to these contracts the stipulated services were fully performed by checking the tax records of that county, together with the records of the United States land office, the state surveyor's office, and the state controller's office, for the years specified, and by reporting to the board of supervisors the dates and amounts of all delinquent taxes, together with descriptions of the properties involved, the dates of redemptions from sales and the amounts of taxes subsequently paid thereon.

Paragraph VII of the petition alleges that on January 12, 1933, a verified claim for the sum of $4,667.31, for services performed pursuant to the contracts heretofore mentioned, was presented to and allowed by the board of supervisors, but that the respondent refuses to audit or draw his warrant upon the county funds in payment of the claim. Paragraph IX of the petition alleges that "said county has moneys available for the payment of said claim and demand with which said warrant may be paid".

The answer admits the material allegations of the petition, but denies that the county of Tuolumne has money available with which to pay the claim.

The issue thus raised by the pleadings with respect to the ability of the county of Tuolumne to pay the claim of peti-

tioner is settled by both stipulations of facts which were filed upon the rehearing of this proceeding. The original stipulation is in the following language:

"It is hereby stipulated by and between the parties to the above entitled proceeding that all of the facts alleged in the petition for the peremptory writ of mandate on file herein are true, and that only issues of law involving those facts are presented and submitted to the above entitled court by the parties thereto."

It must therefore be assumed from the preceding stipulation of facts that the alleged contracts were duly executed; that the services were performed in the exact manner and form related; that the claim for services was duly presented and allowed by the board of supervisors, and that the county has ample funds with which to pay the demand of petitioner.

The respondent contends that the supervisors were without authority to make the contracts in question for the reason that the services of petitioner to search the records and report the sales of property for delinquent taxes and the redemption therefrom are duties which are imposed by statute upon the county officers. In a similar proceeding for a writ of *mandamus* involving the construction of a contract for like services under almost the same circumstances which are contained in this case it was held that "It cannot be doubted that the board of supervisors had the power to obtain such information as was reasonably essential to a proper discharge of these functions, even to the extent of contracting for the furnishing thereof at the expense of the county," and that the statutes do not "enjoin upon certain county officers the duty to make reports which would furnish some of the required information". (*Skidmore* v. *West,* 186 Cal. 212, 218 [199 Pac. 497, 500].) The court there said in regard to the last proposition mentioned:

"It seems to us an undue strain of any of the sections to which reference is made . . . to find therein authority for the proposition that in contracting for the work called for, the supervisors included work within the scope of the lawful duty of any county officer to perform."

We find nothing in the cases of *Jones* v. *Sturzenberg,* 59 Cal. App. 350 [210 Pac. 835], and *Laist* v. *Nichols,* 139 Cal.

App. 202 [33 Pac. (2d) 866], upon which the respondent in this case relies, in conflict with the decision of the Skidmore case, *supra*, except the reference in the Jones case, *supra*, to the Skidmore case, in which the court inadvertently quoted from the original opinion of the Supreme Court in the last-mentioned case (59 Cal. Dec. 494), which decision was subsequently reversed upon rehearing in that court. Upon the authority of *Skidmore* v. *West, supra*, we are of the opinion the contracts which are involved in this proceeding are valid and binding, and that they do not include the due performance of services on the part of the petitioner which the statute imposes upon the county officer.

■ The respondent asserts that the contracts in question are void for the reasons that they violate the provisions of section 4041c of the Political Code as it then existed in failing to "fix the amount of compensation" of the petitioner, and because "the period of time for which assistance is allowed" was not limited by the terms of the agreements. These contentions are without merit. The compensation is adequately fixed by the contracts at 50 per cent of the money received by the county of Tuolumne from the redemption of sales of properties included within the report of the petitioner as required by the terms of the contracts.

■ We are of the opinion the contracts are not void for failure to specify the time within which the contracts are to be performed for the reason that the petitioner was not employed on a salary, but, on the contrary, he was hired to secure specific information. The time employed in fulfilling the contracts does not affect the amount of his compensation. This case depends upon contracts to perform a specified job as a whole, and not upon continuous employment. Under the circumstances of this case, where the contracts do not specify the time within which the services are to be performed, the law allows a reasonable time in which to do so. (6 Cal. Jur., p. 346, sec. 207.) There is no contention in this case that the services were not performed within a reasonable time. Time was not of the essence of the contracts.

■ Finally the respondent asserts that the contracts do not contemplate the payment to petitioner of compensation for services which merely furnished information of delinquencies which existed prior to the execution of the con-

tracts, which knowledge the county auditor would be deemed to have already possessed. We are of the opinion the contracts may not be reasonably so construed. The contracts clearly state that the petitioner is to be paid 50 per cent of the county's share of *"all moneys received* by the said County of Tuolumne *from and after this date* for redemption or sale of said property". The contracts contain no limitation of liability to original information not possessed by any of the county officers. Moreover, the contracts call for services to be performed other than the mere information that delinquencies have occurred. The petitioner is required to check the tax records of the county, and also the records of the United States land office, the state controller's office, the county auditor's office, the county recorder's office, and "submit to the Board of Supervisors of Tuolumne County his report and recommendations" regarding the procedure and advisability of collecting the money. We are therefore of the opinion the petitioner is entitled to his compensation for services performed even though some of the information which he secures may have been previously known to the county officers.

The petition is granted. Let the peremptory writ of *mandamus* issue as prayed for.

Pullen, P. J., and Plummer, J., concurred.