[Civ. No. 10842. First Appellate District, Division Two.—November 20, 1939.]

C. E. SKIDMORE, Respondent, v. COUNTY OF TUO-LUMNE, Appellant.

C. H. Grayson, District Attorney, and Rowan Hardin for Appellant.

Webb, Webb & Olds and Hester W. Webb for Respondent.

NOURSE, P. J.—Plaintiff sued on a rejected claim for services performed under two written contracts. The cause was tried by the court without a jury, and plaintiff had judgment. The appeal is taken on a typewritten transcript.

The contracts are found in resolutions of the board of supervisors of defendant county, dated May 6, 1930, and December 7, 1931, respectively. Both are practically identical, except that the first related to delinquencies occurring in and prior to 1923–1924, while the second related to delinquencies occurring in and prior to 1925–1926. The first resolution authorized plaintiff to check the tax records and the records of several named public offices to discover property "on which the taxes were first delinquent for the fiscal year 1923–1924, or are delinquent for prior years, which do not show redemption, cancellation or sale by the State . . . said party shall also submit reports . . . with recommendations as to further disposition . . . Said county of Tuolumne will pay said C. E. Skidmore for such services an amount equal to fifty per cent (50%) of the County of Tuolumne's portion of all moneys received by the said County of Tuolumne from and after this day for redemption or sale of said property above referred to."

The validity of these particular contracts was finally determined in *Skidmore* v. *Dambacher*, 6 Cal. App. (2d) 83 [43 Pac. (2d) 1110], where the county auditor of Tuolumne County was ordered to approve a warrant for compensation arising under the contracts. Similar contracts were declared valid in *Skidmore* v. *West*, 186 Cal. 212 [199 Pac. 497], and *Skidmore* v. *County of Alameda*, 13 Cal. (2d) 534 [90 Pac. (2d) 577]. The six grounds which appellant raises to defeat the judgment will be considered in order.

First. "That plaintiff's claim is barred by Sec. 4075 of the Political Code." Appellant's argument is that since the plaintiff commenced work at once under the contracts and furnished lists, reports, and recommendations from time to time, the claim for compensation presented to the board of supervisors in 1935 is valid only as to such items thereon as shall have accrued within a year of the date of presentation of the claim. The precise point was determined adversely to appellant in *Skidmore* v. *County of Alameda, supra,* 667, where it was held that separate amounts accruing for

services under a written contract should be treated as items of one claim rather than as separate claims requiring a separate demand in determining the question of the running of the statute of limitations.

■ Second. "That portion of demand is based on void delinquencies or on claimed delinquencies which do not exist . . . " The point as presented is but a statement of fact contrary to the findings of the trial court that the demand presented to the board of supervisors disclosed the delinquencies occurring in the fiscal year 1925–1926, and in prior years, with all the redemptions thereof upon which the compensation of respondent was based. No evidence is furnished or referred to contradicting this finding. If there is anything in the typewritten record which would call for a different finding, the appellant should have printed it in its brief. Section 953c, Code of Civil Procedure. Certainly nothing appears here to support appellant's claim that some of these delinquencies "do not exist". The record, so far as we have it, is the court's implied finding that they did. ■ If we may assume that some of these delinquencies, because of the lapse of time, are no longer enforceable, this would not permit us to set aside the finding if, as appears from the record, these redemptions were made on such delinquencies notwithstanding their date. Respondent's compensation was estimated, and this judgment founded on the basis of redemptions made and paid into the county, notwithstanding the validity or invalidity of the claimed delinquencies. He was not required to pass on the legality of the county's claim for taxes. It was the fact of payment and redemption which fixed his right to compensation.

■ Appellant's confusion in the presentation of the point seems to arise from a misconception of the terms of the contracts in view of current legislation. The respondent undertook in his contracts to investigate and report to appellant on all delinquencies first occurring in the fiscal year 1923–1924 and years prior thereto. He was to be paid on the basis of redemptions or sales made upon delinquencies so found. Hence, if there were no redemptions, there was no pay. Running through appellant's argument is the suggestion that, since section 3716 of the Political Code cancelled every tax lien more than thirty years old, those delinquencies noted in the demand as having first occurred more than thirty

years prior to the fiscal year of 1923–1924 must be deemed void, and hence respondent should not recover upon them. The argument is not impressive because the effective date of the code amendment was after the work was performed by respondent, and the only evidence brought to our attention discloses that redemptions were nevertheless made, and it is upon that basis that the appellant owes respondent fifty per cent of what was paid to the county.

Third. "That portion of demand is based on delinquencies which had been redeemed prior to effective date of plaintiff's contract." Though we have quoted the point *verbatim* from appellant's opening brief, we should state that no argument is made in the briefs in support of it. It may be taken for granted that if the evidence discloses that a portion of the demand is based on redemptions "prior to effective date of plaintiff's contract" recovery could not be had to that extent because plaintiff's contract called for payment upon delinquencies found "which do not show redemption, cancellation or sale by the State". Here again the point is not presented in a manner which permits consideration. The mere statement of counsel in his brief that facts exist contrary to those found by the trial court does not present a justiciable question on appeal.

Fourth. "That portion of demand is based on delinquencies arising entirely after the effective date of plaintiff's contract." Appellant's case becomes progressively worse. The lack of organization in presentation prevents a logical disposition of the issues involved. Here again we have quoted the point involved *verbatim* from appellant's brief. The argument is divided into two heads, one stating that "more than two-thirds of plaintiff's claim is based on delinquencies arising entirely after the fiscal year 1925–1926", the other stating that "approximately three-fourths of the total of plaintiff's claims arises" from similar delinquencies. The only difference in the two divisions of the argument is the difference between "more than two-thirds" and "approximately three-fourths". We are referred to "defendant's exhibit No. 3" and asked to make a computation. This exhibit consists of about one hundred separate pages each of which is a copy of an individual certificate of redemption. We are not referred to any evidence which would negative the trial court's findings that, pursuant to

his contracts the plaintiff checked the tax records of property "on which the taxes were first delinquent for the fiscal year 1925–1926, or are delinquent for prior years".

The rules of law are settled that, in a suit on a contract, the courts must take the contract of the parties as the parties have written it. Here there is no valid claim of uncertainty or ambiguity, no claim of mistake, fraud, or over-reaching which is supported by any proof. The contracts are both plain and unambiguous and do not call for judicial interpretation. The parties were all men of experience and presumably in possession of their mental faculties. They contracted to pay respondent one-half of what was paid to the county "from and after this day for redemption or sale of said property"—i. e., the property on which the taxes were *first* delinquent for the fiscal year 1925–1926, or delinquent for prior years.

■ Appellant argues that there is some uncertainty in the contracts as to when payments thereunder should end. Attention is directed to the contract provision reading: "the final payment thereof to be made to said C. E. Skidmore when he has furnished an affidavit setting forth that he has checked . . . and has also submitted . . . his report and recommendations . . . " It is admitted that such an affidavit was filed November 5, 1934. Claim is made for redemptions paid to the county after that date. It is argued that the contract should be interpreted as meaning that the final payment should be made as of July 1, 1926, but no reason is given for taking that date. The difference between "final payment" of claims which have accrued prior to a fixed date, and the "end of time" within which claims may be presented is apparent. The filing of the affidavit required by the contract is but a procedural step, in the nature of a condition precedent, in the process of payment of all the claims. Proper interpretation of the provision in the contracts that the final payment shall be made to respondent "when" he has furnished an affidavit of full performance means that final payment shall be made if or in the event respondent has submitted such affidavit.

■ Fifth. "That no valid proof was offered to sustain complaint." The argument on this branch of the case is that the respondent should have been compelled to place in evidence all the records of the county, the state, and of the

United States land office upon which his reports were based, and that it was error to permit him to testify generally as to the contents of these records. The point is without merit since the procedure is directly covered by subdivision 5 of section 1855, Code of Civil Procedure which permits such testimony, ''When the original consists of numerous accounts or other documents, which cannot be examined in court without great loss of time, and the evidence sought from them is only the general result of the whole''. Every essential item of proof upon which respondent's right of recovery rests is found in appellant's own public records. No possible prejudice was suffered by appellant in the rulings complained of.

Sixth. ''Part of claim based on delinquencies which had been cleared by redemption.'' The statement does not express what appellant means. Its argument is that since some items of the account show that redemption had been made of an early delinquency prior to 1923–1924, and then, a new delinquency occurring, a redemption was made after the date of the contract, the respondent should recover nothing paid on this last redemption. This is not in accordance with the terms of the contract in which appellant agreed to pay one-half of what it received ''after this day'' for redemption or sale of property on which the taxes were ''first delinquent for the fiscal year 1923–1924 or are delinquent for prior years''.

Appellant contracted for respondent's services, accepted the services rendered under the contract, and received and retained all the benefits of the contract. The appeal is wholly without merit.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 11, 1940.