[Civ. No. 13672.   Second Dist., Div. Two.   July 24, 1942.]

ETHEL KLINE, as Administratrix With the Will Annexed, etc., et al., Respondents, v. SIDONIE WEINTRAUB, Appellant.

Moidel, Moidel & Moidel and Isadore Moidel for Appellant.

Martin Forrest for Respondents.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action for a one-fourth interest in a judgment entered in favor of defendant Sidonie Weintraub against the estate of her deceased husband Harry Weintraub, defendant Sidonie Weintraub appeals.

The conceded facts are:

On or about May 15, 1932, plaintiff's testator, E. A. Kline, an attorney at law and husband of plaintiff Ethel Kline, entered into an agreement with defendant Sidonie Weintraub reading as follows:

"AGREEMENT

"This Agreement, made this .... day of May, 1932 by and between Sidonie Weintraub of the City of Los Angeles, State of California, party of the first part, and E. A. Kline of the same place, party of the second part,

"Witnesseth:

"Whereas, the party of the first part is desirous of protecting her rights as against the Estate of Solomon L. Weintraub, her husband now deceased, particularly under an agreement for the payment to her of the sum of $20,000.00 on his death, which agreement was duly executed by party of the first part and her said deceased husband, and which

agreement was violated by her said husband in making a will directly contrary to the provisions of said agreement, and

"Whereas, she is desirous of obtaining the services of said E. A. Kline as her attorney in presenting that matter and taking care of her interest within his discretion as an attorney and if necessary bring action for the recovery under said contract.

"Now therefore, This Agreement Witnesseth:

"The party of the first part hereby retains the party of the second part as and for her attorney to carry out the objections and purposes as above set forth and in consideration of services already rendered and to be rendered by said party of the second part she hereby agrees to pay him for said services and hereby, as security therefor, absolutely assigns, sets over and transfers unto him one-fourth (1/4) of all her right, title and interest in and to said agreement and all moneys which may be derived therefrom and all moneys which may be paid on such agreement either by suit, compromise or settlement, and also all costs and necessary disbursements which may be incurred in the event of any action which may be filed on or under said agreement.

"The party of the second part hereby accepts such retainer and assignment to be in full of his services rendered in reference to said agreement.

"It is hereby agreed between the parties hereto that the party of the second part may, if he desires to do so, retain any other attorney to act with or for him in said matter, but if he shall do so he shall pay said attorney or attorneys so retained or employed by him out of the share hereby assigned to him as aforesaid by the party of the first part.

"In Witness Whereof, the parties hereto have hereunto set their hands the day and year first above written.

"SIDONIE WEINTRAUB,
Party of the First Part.
E. A. KLINE,
Party of the Second Part."

July 18, 1932, Mr. Kline, as attorney for Mrs. Weintraub, filed an action against the estate of her deceased husband for the purpose of establishing as a claim against his estate the agreement with her husband referred to in the contract between Mrs. Weintraub and Attorney Kline. Mrs. Weintraub prevailed in this action and obtained a judgment

against her deceased husband's estate for $20,000, and also for the sum of $600, which had been awarded to her for attorney's fees in a separate maintenance action which she had instituted against her husband on September 3, 1931, and in which action Attorney Kline represented her.

To and including June 19, 1937, the executor of Mr. Weintraub's estate paid Mrs. Weintraub $12,750 on account of the judgment against the estate, of which sum one-fourth was paid to Attorney Kline. May 12, 1937, Attorney Kline, on behalf of Mrs. Weintraub, filed an action which resulted in a declaratory relief judgment clarifying the judgment previously rendered in Mrs. Weintraub's favor against the estate of her deceased husband. Thereafter Attorney Kline died and the executor of Mr. Weintraub's estate ceased to make any further payments to Mrs. Weintraub. She employed Attorney Harry F. Sewell to enforce the payments due her. Thereafter through various proceedings an agreement was reached whereby the executor resumed payments on the unpaid balance of the judgment against Mr. Weintraub's estate.

Defendant Sidonie Weintraub urges for reversal of the judgment three propositions, which will be stated and answered hereunder seriatim.

■ *First: The evidence is insufficient to sustain the material findings of the trial court.*

This proposition is untenable. Appealing defendant has not supported this proposition by the printing of references to evidence of any character tending to show that the findings of the court are not supported by substantial evidence. The law is established in this jurisdiction that when the point is urged on appeal that the evidence is insufficient to support findings of the trial court and no part of the evidence is printed or referred to, an appellate court will assume that facts cited by plaintiff (respondent), as in the instant case, supporting the findings were proven by competent evidence at the trial. (*Johnston* v. *Johnston,* 48 Cal. App. (2d) 23, 25 [119 P. (2d) 158]; *Skidmore* v. *County of Tuolumne,* 35 Cal. App. (2d) 525, 529 [96 P. (2d) 178].)

■ *Second: Attorney Kline had not prior to his death performed the services which constituted the consideration for Mrs. Weintraub's agreement with him.*

This proposition is likewise untenable. A fair interpretation of the agreement between Attorney Kline and Mrs. Weintraub discloses that the principal purpose of the agree-

ment was that Attorney Kline should establish Mrs. Weintraub's claim against the estate of her deceased husband. This he did by obtaining a judgment against the estate, which became final.

It is to be noted that the agreement says, "Whereas, she is desirous of obtaining the services of said E. A. Kline as her attorney in presenting that matter and taking care of her interest within his discretion as an attorney and if necessary bring action for the recovery under said contract." It is obvious that this provision in the agreement referred to the establishment of Mrs. Weintraub's claim against the estate of her deceased husband. Attorney Kline established this claim, as we have heretofore pointed out by obtaining a judgment on behalf of Mrs. Weintraub against the estate of her deceased husband. There is nothing in the agreement which required him to represent her until the judgment was finally paid in full before he should be entitled to the consideration for the agreement, which was an assignment of a one-fourth interest in the claim which she had against her husband's estate and all moneys derived therefrom.

*Third: Defendant, Mrs. Weintraub, was entitled to two separate credits against plaintiff's claim, because Attorney Kline had received (a) $617.50 as attorney's fees in a separate maintenance action which he had instituted on behalf of Mrs. Weintraub on September 3, 1931, and (b) $600 from the executor of Mr. Weintraub's estate in the litigation which* resulted in the establishment of Mrs. Weintraub's claim against her husband's estate.

(a)   The $617.50 received by Attorney Kline for representing Mrs. Weintraub in her separate maintenance suit was for services performed in that suit and was not in any way related to the services which he agreed to perform under the contract which is the basis of the present suit, and therefore the trial court properly refused to allow this as a credit against plaintiff's claim.

(b)   The agreement between Attorney Kline and Mrs. Weintraub provided, "The party of the second part hereby accepts such retainer and assignment to be in full of his services rendered in reference to said agreement." Clearly, therefore, Attorney Kline was not entitled to receive and retain the $600 allowed for attorney's fees in the action which he filed against the estate of Mr. Weintraub, and the appeal-

ing defendant should have been allowed an additional credit of $600.

For the foregoing reasons the judgment is modified by striking therefrom paragraph 2, which reads as follows:

"2. That out of the sum of $2,350.00 that has so far been paid to defendant and cross-complainant, Sidonie Weintraub, since the death of E. A. Kline, deceased, by the said defendant Weintraub estate, the plaintiffs herein were and now are entitled to the sum of $587.50, being one - fourth thereof", and by striking from paragraph 4 the figures $16.75 and inserting in lieu thereof $4.25. Otherwise the judgment is affirmed.

Moore, P. J., concurred.

A petition for a rehearing was denied August 13, 1942.