[Civ. No. 16993. Fourth Dist., Div. One. Dec. 19, 1978.]

FELA C. GOMEZ et al., Plaintiffs and Appellants, v.
VALLEY VIEW SANITORIUM, Defendant and Respondent.

508

**COUNSEL**

Timothy Cohelan for Plaintiffs and Appellants.

Gray, Cary, Ames & Frye and Michael E. Rowswell for Defendant and Respondent.

## OPINION

BROWN (Gerald), P. J.—Plaintiffs appeal a judgment dismissing their action after a general demurrer to the second amended complaint had been sustained without leave to amend. The demurrer and ruling were based upon the running of the statute of limitations on plaintiffs' wrongful death action.

Plaintiffs are the surviving spouse and children of Julian Perea Gomez, Sr., who died on February 5, 1976, when he wandered away from defendant's nursing and rest home. Defendant is a health care provider within the meaning of Code of Civil Procedure section 340.5, which provides a statute of limitations of one year from the date a plaintiff discovers or should have discovered his injury. ■ In the case of wrongful death, the "injury" refers to the death (*Larcher* v. *Wanless,* 18 Cal.3d 646, 651 [135 Cal.Rptr. 75, 557 P.2d 507]). There is no allegation plaintiffs were unaware of decedent's death for any significant period of time.

■ As required by Code of Civil Procedure section 364, plaintiffs gave notice of their intention to commence this action by letter posted November 26, 1976, which was received by defendant December 1, 1976. Service was completed on November 26, 1976, when the letter was mailed (Code Civ. Proc., § 1013).

Where the Code of Civil Procedure section 364 notice is served within 90 days of the date the applicable statute of limitations would run, the effect is to extend the statute to 90 days from the service of notice (Code Civ. Proc., § 364, subd. (d)). The 90-day period thus expired on February 24, 1977. Plaintiffs' complaint was filed March 28, 1977.

We need not deal with plaintiffs' contention the complaint adequately pleads an estoppel to defendant's assertion the action is barred by the running of the statute of limitations. As we construe the applicable statutes, plaintiffs' action was timely filed.

By its terms, Code of Civil Procedure section 364, subdivision (a) prohibits the commencement of an action for medical malpractice for a period of 90 days following service of a notice such an action would be filed. Where, as here, notice is served within 90 days of the running of the statute, the period of limitations is extended. Incongruously, section 364 prohibits the commencement of the action within the period of limita-

tions as extended. Section 364, however, does not self-destruct, because Code of Civil Procedure section 356 provides: "When the commencement of an action is stayed by . . . statutory prohibition, the time of the continuance of the . . . prohibition is not part of the time limited for the commencement of the action."

Because Code of Civil Procedure section 364 prohibits the commencement of an action until 90 days have expired when a plaintiff serves the required notice of intention to commence it,[1] that 90-day period must be excluded when calculating the applicable statute of limitations. Where section 364 also operates to extend the period of limitations because notice is served within 90 days of the expiration of the statute, the plaintiff is entitled to that extension as well as the tolling of the statute during the 90 days plaintiff is prohibited from filing his action.

The judgment is reversed and the lower court is directed to overrule defendant's demurrer.

Cologne, J., and Staniforth, J., concurred.

A petition for a rehearing was denied January 8, 1979, and respondent's petition for a hearing by the Supreme Court was denied March 14, 1979.

---

[1]We say "when" the required notice is served because the failure to comply with Code of Civil Procedure section 364 does not affect the maintenance of the action, although the derelict attorney may be subject to discipline. (Code Civ. Proc., § 365.)