[Civ. No. 59320. Second Dist., Div. Two. May 20, 1981.]

RUTHIE BRAHAM, Plaintiff and Appellant, v.
PHILIP W. SORENSON et al., Defendants and Respondents.

COUNSEL

John W. Miner for Plaintiff and Appellant.

Merle K. Killian, in pro. per., Bonne, Jones, Bridges, Mueller & O'Keefe and Jerrie S. Weiss for Defendants and Respondents.

OPINION

**BEACH, J.**—Plaintiff appeals from a judgment dismissing her wrongful death action against defendant physicians after the trial court sustained a demurrer to the complaint, without leave to amend, based upon the running of the statute of limitations on plaintiff's action. We affirm.

## BACKGROUND:

Plaintiff is the widow of Robert A. Braham, who died on March 29, 1978, at a hospital. Plaintiff alleged in her complaint that the decedent was admitted to the hospital on March 14, 1978, based on defendant

physicians' diagnosis that he had pneumonitis. Following his discharge from the hospital on March 27, 1978, the decedent's condition worsened, and on March 29, 1978, he was rushed by ambulance to the hospital's emergency room. There, he died of cardiac arrest. Plaintiff alleged that the decedent's death was proximately caused by the negligent treatment given him.

On March 22, 1979, plaintiff served defendants with a notice of intention to sue, and on July 19, 1979, she filed the instant medical malpractice action.

### Issue on Appeal:

Plaintiff contends the action was filed timely and therefore the dismissal was improper.

### Discussion:

Under Code of Civil Procedure section 340.5,[1] a medical malpractice action must be brought within three years after the date of injury or one year after the plaintiff discovered or should have discovered the injury, whichever occurs first. In an action for wrongful death, as is involved here, the word "injury," as used in the statute, refers to the death. (*Larcher* v. *Wanless* (1976) 18 Cal.3d 646, 659 [135 Cal. Rptr. 75, 557 P.2d 507].)

Thus, the basic statute of limitations applicable to the appellant's cause of action here is one year. There are two other statutes which affect the one-year basic period. One of these is section 364, which provides that before filing an action such as at bench, a plaintiff must give notice. Subdivision (a) of that section provides: "No action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days prior notice of the intention to commence the action." The effect of that provision is to prohibit or stay the commencement of the action for at least 90 days. This is a statutory prohibition. As such it thereby in turn triggers the operation of another separate statute, section 356, which reads: "When the commencement of an action is stayed by . . . statutory prohibition, the time of the . . . prohibition is not part of the time limited for the commencement of the action." The effect of this statute is to ex-

---

[1]All references to code sections are to the Code of Civil Procedure.

tend the basic statute of limitations. (*Cal. Cigarette Concessions* v. *City of L.A.* (1960) 53 Cal.2d 865 [3 Cal.Rptr. 675, 350 P.2d 715].) This section does not by its own terms grant a specific amount of time to the basic statute, but in effect adds thereto a period of time equal to the time of the suspension or prohibition imposed by other statutes (*ibid.*), thus here the amount of additional time would be 90 days under section 364, subdivision (a).

■ Applying the above statutory provisions to the facts at bench, we see the following: Death occurred March 29, 1978. The period within which to file under the basic one-year statute would have expired on March 29, 1979, but for the ninety days added or "tacked on" by operation of section 356, which extended the period of limitation to June 27, 1979. But plaintiff did not file her complaint until July 19, 1979, 22 days beyond the extended period. She therefore did not file timely and her cause of action is barred by the operation of the statute of limitations.

Nonetheless, plaintiff claims that she is entitled to an additional and second 90-day period of time. She relies on section 364, subdivision (d) and the language of *Gomez* v. *Valley View Sanitorium* (1978) 87 Cal. App.3d 507 [151 Cal.Rptr. 97]. The reliance is misplaced. Section 364, subdivision (d) reads: "(d) If the notice is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days from the service of the notice."

At bench, plaintiff did not file the 90-day notice until a time less than 90 days within which the basic 1-year statute of limitations would have expired, and she therefore claims that section 364, subdivision (d) operates to add a second and further period of 90 days to the already combined period of 1 year and 90 days created as we have described above. Plaintiff relies particularly on that paragraph of *Gomez, supra,* which reads: "Because Code of Civil Procedure section 364 prohibits the commencement of an action until 90 days have expired when a plaintiff serves the required notice of intention to commence it, that 90-day period must be excluded when calculating the applicable statute of limitations. Where section 364 also operates to extend the period of limitations because notice is served within 90 days of the expiration of the statute, the plaintiff is entitled to that extension as well as the tolling of the statute during the 90 days plaintiff is prohibited from filing his action."

The holding of *Gomez* is not at odds with our decision. On the other hand, neither is the holding controlling nor the dictum thereof applicable here.

In *Gomez* as here, the one-year statute applied as the basic time within which to file a wrongful death action. The plaintiff therein was required to give the 90-day notice. Thus there, as here, Code of Civil Procedure section 356 operated to change the one-year period into one year and ninety days. There, too, plaintiff gave her notice within ninety days before the end of the basic one-year period. But unlike appellant here, Mrs. Gomez filed her complaint within the one year and ninety days period of time. Thus she received the benefit of Code of Civil Procedure section 364, subdivision (d), i.e. the time within which to file her action was extended 90 days from the date of serving the notice. Mrs. Gomez' complaint was filed allowably beyond 90 days after the service of the notice. But there was no issue as to whether or not section 364, subdivision (d) tacked on any second 90-day time to the previously described total time of the section 340.5 1 year together with the section 356, 90-day combined period. In *Gomez*, no additional time was needed. Moreover, section 364, subdivision (d) does not speak of adding time to or extending time *after* the expiration of the basic statute of limitations or the basic statute of limitations plus 90 days. It merely provides for an extension of 90 days from *the date of service of notice*. This language is somewhat incongruous because it does not explain how much time after the extension the plaintiff still has within which to file the complaint. However, this incongruity, also noted in the *Gomez* case, cannot be utilized to distort the policy of the statute of limitations nor the application of the section itself. The statute expressly states that the 90-day period of section 364, subdivision (d) is measured from the *date of service of the notice*. This negates the idea that the 90 days runs from the last day of the basic statute of limitations or whatever extension is created by another different express statute. Thus the gratuitous statement in *Gomez* that "plaintiff is entitled to that extension as well as the tolling..." is truly dictum and further cannot be deemed to add another 90 days to the 1 year and 90 days to make a statute of limitations of 1 year and 180 days. That result is opposed to the policy which favors adherence to and the application of the statutes of limitations as statutes of repose and not as mere technical defenses. (*Elkins* v. *Derby* (1974) 12 Cal.3d 410, 417 [115 Cal.Rptr. 641, 525 P.2d 81, 71 A.L.R.3d 839].) Moreover, the incongruity can be eliminated by reading section 364, subdivision (d) harmoniously with the

operation of the other two sections 340.5 and 356 as we have done above.

██  Statutes of limitations are not disfavored. To the contrary, they serve a valuable public policy. That public policy does not favor the expansion of the time limits established by the statutes of limitations. As we have said before "[t]he policy behind the statutes of limitations is equally as meritorious a consideration as is the policy of trying cases upon their merits." (*Scherer* v. *Mark* (1976) 64 Cal.App.3d 834, 844 [135 Cal.Rptr. 90], citing 31 Cal.Jur.2d, Limitation of Actions, §§ 2, 3, pp. 428-429; 2 Witkin, Cal. Procedure (2d ed. 1970) § 225, p. 1083; *Elkins* v. *Derby, supra,* 12 Cal.3d 410, 417 [115 Cal.Rptr. 641, 525 P.2d 81]; *Lackner* v. *LaCroix* (1979) 25 Cal.3d 747, 751-752 [159 Cal.Rptr. 693, 602 P.2d 393].)

██  The only interpretation which can reasonably be placed upon the language of *Gomez* is that it simply recites a truism of the correct and harmonious application of the statutory provisions applicable to that particular case. That interpretation is that, yes, plaintiff there was "entitled to that extension." However, "that extension" refers to an extension of 90 days from the *service of notice* and Mrs. Gomez received it but did not tarry too long after having received the benefit thereof and with the diligence required of those who seek the aid of the law, filed her complaint well within the 1-year-plus-90-days period of time, even after receiving the benefit of "that extension." Here, appellant similarly received the benefit of the extension and had seven days left within which to file her action. She failed, however, to diligently watch the passage of the time and instead filed the complaint after all allowable time and extensions had passed.

The judgment (order of dismissal) is affirmed.

Roth, P. J., and Compton, J., concurred.