[Civ. No. 4727. Fifth Dist. Oct. 8, 1981.]

FRED E. BANFIELD, Plaintiff and Appellant, v.
SIERRA VIEW LOCAL DISTRICT HOSPITAL et al., Defendants
and Respondents.

COUNSEL

Robert T. Durbrow, Jr., for Plaintiff and Appellant.

Clifford, Jenkins & Brown, James E. Brown, Hurlbutt, Clevenger, Long & Vortmann, Edmund C. Hurlbutt and Philip B. Laird for Defendants and Respondents.

OPINION

FRANSON, Acting P. J.—Appellant, the plaintiff in a medical malpractice action, appeals from judgments of dismissal entered after the trial court sustained the demurrers of respondents—two public hospital districts—without leave to amend. The basis for the trial court's ruling was that appellant's complaint was barred by the one-year statute of limitations set forth in Code of Civil Procedure section 340.5.[1]

Appellant makes several independent contentions on appeal as to why the judgments should be reversed. First, appellant contends the trial court erred in denying him relief from the claim filing requirements of the California Tort Claims Act because of his excusable neglect in rely-

---

[1]Section 340.5 is a two-step statute of limitations governing actions against health care providers. Such actions must be commenced within three years from the injury or within one year from the discovery thereof, whichever occurs first. The statute also sets forth special tolling rules applicable exclusively in computing the three-year period. This section provides in pertinent part: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person."

ing on his first attorney, Mr. Heusdens, to take whatever action was required to pursue his malpractice claims against the defendants, including filing a claim within 100 days of the accrual of his cause of action. Second, he argues that the one-year limitation period provided by Code of Civil Procedure section 340.5 was tolled during the time appellant sought judicial relief from the claim filing requirements because of his excusable neglect and the failure of the defendant hospitals to comply with the information filing requirements of Government Code section 53051.[2] Third, appellant asserts that under the joint operation of Code of Civil Procedure sections 356[3] and 364,[4] the 1-year statute of limitations was tolled and extended for 180 days following appellant's giving of a notice of intent to sue, thereby rendering his complaint timely filed.

As we shall explain, none of appellant's arguments have merit, and the judgments are affirmed.

The convoluted procedural labyrinth in which appellant found himself can be described as follows: On August 9, 1978, appellant through his attorney Mr. Durbrow filed a complaint initiating the instant action. The complaint alleged medical malpractice causes of action against respondents Sierra View Local District Hospital and Kaweah Delta Hospital District. It alleged that both hospitals were public entities organized under the local hospital district law of the State of California; that on March 14, 1978, claims had been filed against both hospitals

---

[2]Government Code section 53051 provides that public agencies shall file, with the Secretary of State and with the county clerk of each county in which the public entity maintains an office, a statement containing specified information including the entity's name, address, and the name and address of designated public officials. The section requires that this information be updated within 10 days after any change therein.

[3]Code of Civil Procedure section 356 provides: "When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action."

[4]Code of Civil Procedure section 364 provides in pertinent part: "(a) No action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of intention to commence the action.

"(b) No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered.

". . . . . . . . . . . .

"(d) If the notice is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days from the service of the notice."

pursuant to Government Code section 905 and that these claims had been denied under section 912.4 on April 10, 1978. Attached to the complaint were two exhibits entitled "APPLICATION FOR LEAVE TO PRESENT LATE CLAIM." These applications, addressed to Sierra View Hospital and Kaweah Hospital respectively, had been filed with the hospitals on March 14, 1978, and sought leave to present late claims on the basis of "mistake, inadvertence, surprise, and excusable neglect of the claimant and [Attorney] James Heusdens .... "

On the same day the complaint was filed, appellant also filed in the Tulare County Superior Court a petition for relief from the claims requirement under Government Code section 946.6.[5] The petition alleged the cause of action arose on or about April 28, 1977, and due to mistake, inadvertence, surprise, and excusable neglect of appellant and others, the claims against the hospitals had not been timely filed.

Attached to the petition for leave to file a late claim was the declaration of appellant which stated as follows. Appellant was hospitalized in Sierra View Hospital following an automobile accident on April 28, 1977; after being diagnosed and treated there, he was transferred to Kaweah Hospital where he underwent surgery. He was hospitalized on 2 separate occasions for a total of 30 days. During his hospitalization, appellant was in contact with Attorney James Heusdens, and appellant told the attorney on several occasions that he thought he had a claim

---

[5]Government Code section 946.6 establishes the procedure for obtaining judicial relief from the claim filing requirements. That section provides in pertinent part:

"(a) Where an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from the provisions of Section 945.4....

"(b) The petition must show (1) that application was made to the board under Section 911.4 and was denied or deemed denied, (2) the reason for failure to present the claim within the time limit specified in Section 911.2 and (3) the information required by Section 910. The petition shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6.

"(c) The court shall relieve the petitioner from the provisions of Section 945.4 if the court finds that the application to the board under Section 911.4 was made within a reasonable time not to exceed that specified in subdivision (b) of Section 911.4 and was denied or deemed denied pursuant to Section 911.6 and that:

"(1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity establishes that it would be prejudiced if the court relieves the petitioner from the provisions of Section 945.4; ...

"  .    .    .    .    .    .    .    .    .    .    .    .

"(e) The court shall make an independent determination upon the petition. The determination shall be made upon the basis of the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition."

for negligent treatment at the hospitals. When appellant realized Attorney Heusdens was not going to take legal action on his behalf, appellant contacted the San Jose law firm of Boccardo et al. in late 1977 or early 1978; that office declined the case. Appellant then contacted Attorney Robert Durbrow of Fresno, who took the case and sought to file a late claim against the hospitals.

Appellant's declaration stated on information and belief that his first attorney, Mr. Heusdens, "was more concerned with the other legal actions on which he was representing [appellant] and was not sufficiently educated and experienced in the handling of malpractice actions to take the necessary steps to protect [appellant's] rights in filing the appropriate claims against each of the [subject] hospitals." The declaration asserted that the negligence of Attorney Heusdens, in failing to file the claims and/or refer the matter to a more experienced attorney, was excusable under Government Code section 946.6.

Appellant's new attorney, Robert Durbrow, also submitted a declaration in support of the petition. Durbrow's declaration recited that his office had filed, on appellant's behalf, an application for filing a late claim and that this was done within a reasonable time to provide the public hospitals with reasonable notice of the nature and type of the claim asserted by appellant.

Durbrow's declaration also stated that he had obtained copies of statements filed by both of the defendant hospitals with the roster of public agencies maintained by the Clerk of Tulare County. The statements, attached as exhibits to the petition, failed to show "substantial changes" which had occurred in the name and address of the secretary of each hospital.

Appellant submitted points and authorities to establish that he had made a sufficient showing of mistake or excusable neglect to entitle him to file a late claim, and in any event, that the defendant hospitals could not assert noncompliance with the claims statutes as a defense because of their failure to keep an up-to-date public record of information as required by law. He cited Government Code section 946.4[6] and *Wilson* v.

---

[6]Government Code section 946.4 provides in pertinent part: "(a) Where provision is made by or pursuant to law that no suit may be brought against a public agency as de-

*San Francisco Redevelopment Agency* (1977) 19 Cal.3d 555 [138 Cal.Rptr. 720, 564 P.2d 872].

The hospitals filed general and special demurrers to the complaint. The hospitals specially demurred on the ground of uncertainty because the complaint alleged that claims against the hospitals had been filed on March 14, 1978, which allegation was inconsistent with the filing of a petition for relief from the claim filing requirements.

The trial court sustained the special demurrers on the ground of uncertainty but allowed appellant leave to amend his complaint. In the same ruling, the court also denied appellant's leave for application to file a late claim on the ground that appellant had failed to make the required showing of mistake, inadvertence, surprise, or excusable neglect; however, the court did grant appellant relief under Government Code section 946.4 from the requirement of presenting a claim because the hospital had not filed the required information with the roster of public agencies.

Appellant thereafter filed an amended complaint which omitted any reference to the claims requirement.

Respondents then demurred to the amended complaint on the ground that the action was barred by the one-year statute of limitations set forth in Code of Civil Procedure section 340.5. After receiving points and authorities, the trial court sustained the demurrers and filed the following opinion explaining the reasons for this ruling: "The demurrer of the defendants is sustained without leave to amend. It appears from the face of the complaint that more than one year has elapsed between the date of injury and the date of the filing of the complaint.

---

fined in Section 53050 unless and until a claim is presented to the agency, the failure to present a claim does not constitute a bar or defense to the maintenance of a suit against such public agency if, during the 70 days immediately following the accrual of the cause of action:

"(1) No statement pertaining to the public agency is on file, or is placed on file, in the Roster of Public Agencies in the office of the Secretary of State and of the county clerk of each county in which the public agency then maintains an office, as required by Section 53051; or

"(2) A statement or amended statement pertaining to the public agency is on file, or is placed on file, in the Roster of Public Agencies in the office of the Secretary of State and of the county clerk of each county in which the public agency then maintains an office, but the information contained therein is so inaccurate or incomplete that it does not *substantially conform* to the requirements of Section 53051." (Italics added.)

"There is no authority for the proposition that seeking relief from the hospital district for filing a late claim tolls the applicable statute of limitations."

A judgment dismissing the complaint against Sierra View Hospital was entered on January 22, 1979.

Appellant then moved for reconsideration on the ground that the applicable statute of limitations was tolled while relief from the claim filing statutes was being sought. The points and authorities in support of this motion cited Code of Civil Procedure section 356 and cases interpreting that section as authority for the proposition that the statute of limitations was tolled while appellant was seeking relief from failure to file a timely claim.

The trial court issued a written ruling on the motion, noting that "... where the filing of a claim is a prerequisite to the filing of a lawsuit the statute does not run until the application is granted." However, "[t]here is no such requirement in the instant case. Since no claim needed to be filed as a prerequisite for the filing of a lawsuit there was no tolling of the statute."

The court then entered a judgment dismissing the complaint against Kaweah Hospital on February 6, 1979. On that same date, the court entered a formal order denying appellant's petition for relief from the claim filing requirements on the ground of excusable neglect. (This petition had been ruled on about four months earlier on Oct. 10, 1978, but the order was first entered on Feb. 6, 1979.) Notice of entry of this order was sent on February 8, 1979.

On March 15, 1979, appellant filed a notice of appeal from the judgments of dismissal.

### DISCUSSION

■ We shall first treat appellant's contention that the trial court abused its discretion in denying him relief from the claim filing requirements on the ground of excusable neglect.[7]

---

[7]We are assuming for the purpose of this discussion that the propriety of the trial court's order of October 10, 1978, denying appellant's petition for relief from the claim filing requirements pursuant to Government Code section 946.6 is reviewable in the ap-

In determining whether an injured party's failure to present a timely claim was through mistake, inadvertence, surprise or excusable neglect, the trial court shall make an independent determination upon the basis of the petition for relief and any supporting or opposing affidavits and any additional evidence received at the hearing on the petition. (Gov. Code, § 946.6, subd. (e).) The only evidence presented at the hearing below as to why appellant did not file a claim within 100 days of discovery of defendant's alleged negligence was appellant's own affidavit. The affidavit stated that after appellant had been injured in a car accident on April 28, 1977, he was confined in the defendant hospitals on 2 separate occasions for periods of about 30 days. During the time he was confined to the hospital and again after he was released from the hospital the last time, he was in contact with Attorney James Heusdens. (Heusdens apparently was representing appellant on a drunk driving charge arising out of the accident which had hospitalized appellant.) Appellant alleged: "I advised [Heusdens] of the problems that I had encountered while being treated in each of the above hospitals. At the same time Mr. Heusdens was also handling some other legal matters for me. At this time I mentioned to Mr. Heusdens that I thought that I had a claim for negligent and careless treatment at the above hospitals. In fact, I mentioned this to Mr. Heusdens on several occasions." Seven months after the accident, appellant contacted the Boccardo firm for representation, and when that firm declined the case, appellant consulted his present attorney.

The glaring defect in appellant's affidavit is its failure to indicate that Mr. Heusdens had been retained or had agreed to assert a claim against anyone in connection with appellant's malpractice claims. Any inference to this effect would be pure speculation.

The cases cited by appellant where the claim for relief was granted based upon the omission of an attorney all involved situations where the attorney was actually hired to represent the plaintiff, and some factual

peals from the judgments of dismissal entered by the trial court on January 22 and February 6, 1979. (See *Vallis* v. *Canada Dry Ginger Ale, Inc.* (1961) 190 Cal.App.2d 35, 36 [11 Cal.Rptr. 823], which holds that a notice of appeal from the judgment "and the whole thereof" is to be liberally construed so as to include interlocutory orders if reasonable to do so; see also 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 333, pp. 4310-4311.)

Moreover, appellant's notice of appeal was timely under California Rules of Court rule 2 because the notice of appeal filed on March 19, 1979, was within 180 days of entry of the order and within 60 days of the date of notification of entry pursuant to Code of Civil Procedure section 664.5 and within 60 days of service of written notice of judgment.

basis for excusable neglect on the attorney's part was shown or the attorney's neglect was so inexcusable or extreme as not to be chargeable to the client.

*City of Fresno* v. *Superior Court* (1980) 104 Cal.App.3d 25, at page 32 [163 Cal.Rptr. 807], states the rules governing relief on the ground of excusable neglect: "The showing required as to mistake, inadvertence, surprise or excusable neglect in proceedings to file a late claim against a governmental agency is the same as required under section 473 of the Code of Civil Procedure for relieving a party from a default judgment. [Citation.]

"... 'As a general rule, neglect authorizing relief under section 473, Code of Civil Procedure, may not be predicated upon that of the party's attorney unless shown to be excusable [citation], because the negligence of the attorney in the premises is imputed to his client and may not be offered by the latter as a basis for relief. [Citation.]'

""It is not the purpose of section 473 of the Code of Civil Procedure to permit the setting aside of judgments 'which are the result of inexcusable ... neglect of *defendants, themselves, or* of their attorneys in the performance of the latter's obligations to their clients.'"" [Citation.] Excusable neglect is that neglect which might have been the act of a reasonably prudent person (attorney) under the same circumstances." (Italics added.)

In short, looking at appellant's own declaration, we cannot find that appellant was justified in assuming Mr. Heusdens would pursue appellant's cause of action for medical malpractice against respondent hospitals.

█ We turn now to appellant's contention the trial court erroneously sustained respondents' demurrers on the ground that the action was barred by the statute of limitations set forth in Code of Civil Procedure section 340.5. Appellant does not dispute that the cause of action arose for purposes of the demurrer on April 28, 1977. Since the action was not filed until August 9, 1978—103 days beyond the 1-year period—the action is barred unless facts to toll the statute are present.

Appellant relies on Code of Civil Procedure section 356 (*ante*, fn. 3) for the proposition that the statute of limitations was tolled as of March 14, 1978, when he filed his application for leave to file a late claim.

Section 356 provides that when the commencement of an action is stayed by "statutory prohibition," the time of the continuance of the prohibition is not part of the time limited for filing the action. This statute has been interpreted to toll the applicable statute of limitations during the time occupied by the claims procedures. (*Cal. Cigarette Concessions* v. *City of L. A.* (1960) 53 Cal.2d 865, 868 [3 Cal.Rptr. 675, 350 P.2d 715]; *Dillon* v. *Board of Pension Commrs.* (1941) 18 Cal.2d 427, 431 [116 P.2d 37, 136 A.L.R. 800]; see also *Olson* v. *County of Sacramento* (1974) 38 Cal.App.3d 958, 961-962 [113 Cal.Rptr. 664].) The rationale is that the statute does not run during the time the plaintiff is legally prevented from taking action to protect his rights; until the required claim is filed, the plaintiff may not file suit against a public entity.

In the present case, the trial court acknowledged the existence of the foregoing line of authority but ruled that it was inapplicable because the filing of a claim was not a statutory prerequisite to the maintenance of appellant's action. The trial court's analysis was correct.

Since the hospitals had not complied with their statutory duty to file updated information in the roster of public agencies, there was no "statutory prohibition" against appellant filing an action against the hospitals; such an action could have been maintained at any time without the need of compliance with the claims statute (*Wilson* v. *San Francisco Redevelopment Agency, supra*, 19 Cal.3d 555, 559-560). As stated in *Wilson* at page 560: ". . . [W]e must reject defendant's suggestion that section 946.4 performs a more limited function, namely, to furnish a ground upon which a claimant might base either a request to the public agency for leave to file a late claim (§ 911.4) or a petition to the court for an order relieving him from the claim-filing requirement (§ 946.6). To the contrary, a fair reading of the sections in question suggests that the agency's failure to comply with section 53051 entitles the claimant to ignore the claim-filing requirement entirely." The *Wilson* court also observed that a plaintiff who files a late claim is in the same position as one who files no claim, and the former is equally entitled to avail himself of section 946.4 which excuses the need to file a claim. (*Id.*, at p. 561.)

Thus, we conclude that tolling under Code of Civil Procedure section 356 did not occur during the period appellant was attempting to gain permission from the respondent hospitals to file a late claim and later seeking judicial relief from the claim filing requirements. Appellant

could have filed his complaint on March 14, 1978, rather than attempting to obtain leave to file a late claim; hence, the statute of limitations was not tolled. We fully appreciate appellant's argument that this result appears unfair because the only factor distinguishing his case from others where the tolling provisions of Code of Civil Procedure section 356 were applied is that appellant's attempt to obtain relief under Government Code section 946.6 on the ground of excusable neglect failed,[8] whereas actions are tolled when the attempt to get relief under section 946.6 is successful.

Appellant's argument, however, misses the mark in a legal sense; the reason why he is not entitled to the tolling relief of Code of Civil Procedure section 356 is *not* because he was unsuccessful in showing cause for relief based on excusable neglect under Government Code section 946.6 but rather because he did not have to file a claim at all. Consequently, by its express terms, section 356 does not apply.

We come now to the final contention lightly made by appellant at oral argument as to why his complaint was timely filed. (Although lightly made, the contention is like the mouse which produced an elephant.) ▆ Appellant cites *Gomez* v. *Valley View Sanitorium* (1978) 87 Cal.App.3d 507 [151 Cal.Rptr. 97] for the proposition that in actions against health care providers for professional negligence under Code of Civil Procedure section 364 (see fn. 4, *ante*), the statute of limitations—in this case 1 year under Code of Civil Procedure section 340.5—working in conjunction with Code of Civil Procedure section 356 (fn. 3, *ante*) was both extended and tolled for 180 days from the date of giving the notice of intent to sue. (For this purpose the application for leave to file a late claim served on the hospitals on Mar. 14, 1978, constituted the required notice under Code Civ. Proc., § 364, subd. (b).) Under this theory, appellant would have until September 10, 1978, to file his complaint; having filed his complaint on August 8, 1978, he would be well within the statute.

Appellant's argument requires a discussion of two cases which have construed the effect of sections 356 and 364 on the limitation period provided by section 340.5.

---

[8]If appellant were successful in obtaining a reversal on appeal on the ground the trial court erred in denying his claim for relief because of his excusable neglect, his complaint, of course, would have been timely filed (Gov. Code, § 946.6, subd. (f)).

In *Gomez* v. *Valley View Sanitorium, supra,* 87 Cal.App.3d 507, it was held that the wrongful death action filed by plaintiffs more than one year after the decedent's death was timely filed and not barred by the one-year limitation period of Code of Civil Procedure section 340.5. The plaintiffs had given the notice required by Code of Civil Procedure section 364 within 90 days of the date the statute of limitations would run. Because Code of Civil Procedure section 364, subdivision (a), also prohibits the *commencement* of an action until 90 days have expired after service of the notice, the court held the 90-day period should be excluded when calculating the applicable statute of limitations. Furthermore, since subdivision (d) of section 364 operated to *extend* the period of limitations 90 days (because plaintiffs' notice was served within 90 days of the expiration of the limitation period), the plaintiffs were entitled to the 90-day extension in addition to the 90-day tolling of the statute. The court stated: ". . . Incongruously, section 364 prohibits the commencement of the action within the period of limitations as extended. Section 364, however, does not self-destruct, because Code of Civil Procedure section 356 provides: 'When the commencement of an action is stayed by . . . statutory prohibition, the time of the continuance of the . . . prohibition is not part of the time limited for the commencement of the action.'

". . . *Where section 364 also operates to extend the period of limitations because notice is served within 90 days of the expiration of the statute, the plaintiff is entitled to that extension as well as the tolling of the statute during the 90 days plaintiff is prohibited from filing his action.*" (87 Cal.App.3d at pp. 509-510, italics added.)

The italicized portion of the *Gomez* decision is criticized in *Braham* v. *Sorenson* (1981) 119 Cal.App.3d 367 [174 Cal.Rptr. 39] which holds the tolling provisions of Code of Civil Procedure section 356 together with the notice requirements of section 364, subdivisions (a) and (d) operate to extend the 1-year limitation period *90* days but not 180 days from the date of giving of the notice of intent to sue. *Braham* explains that to the extent *Gomez* speaks to the contrary, the holding "is truly dictum and . . . cannot be deemed to add another 90 days to the 1 year and 90 days to make a statute of limitations of 1 year and 180 days."[9] (119 Cal.App.3d at p. 372.) *Braham* emphasizes that such a result

---

[9]The plaintiffs in *Gomez* gave their notice within 90 days before the end of the 1-year limitation period but unlike the plaintiff in *Braham,* as well as the case at bench, the *Gomez* plaintiffs filed their complaint within 1 year and 90 days of the accrual of the cause of action.

would be contrary to the strong policy favoring statutes of limitation as statutes of repose and not mere technical defenses. (*Ibid.*)

We believe *Braham* has correctly analyzed Code of Civil Procedure section 364 as it affects the time within which a plaintiff must file suit against a health care provider for professional negligence, i.e., he must get his suit on file within the time specified in section 340.5 plus 90 days.

Code of Civil Procedure section 364, subdivision (a) provides that no action based upon the health care provider's professional negligence may be commenced "unless the defendant has been given at least 90 days' prior notice of the intention to commence the action." Code of Civil Procedure section 356 provides that the time of a statutory prohibition for commencing the action "is not part of the time limited for the commencement of the action." This means that the running of the statute of limitations (in this case 1 year) is *suspended* during the 90 days the plaintiff is prohibited from commencing the action. (See *Dillon* v. *Board of Pension Commrs., supra*, 18 Cal.2d 427, 431; *Cal. Cigarette Concessions* v. *City of L. A., supra*, 53 Cal.2d 865, 868.) Once the 90-day statutory prohibition is ended, the statute of limitations commences to run again.

If the plaintiff gives his notice of intent to sue the defendant more than 90 days before the end of the 1-year period, the tolling provision of section 356, in conjunction with section 364, subdivision (a), effectively produce a 1-year and 90-day limitation period within which plaintiff must file his action. On the other hand, if the plaintiff gives a notice of intent to sue the defendant *within* 90 days of the expiration of the limitation period provided in section 340.5, he still must get his suit on file within 90 days after the expiration of the 1-year period. The following analysis produces this result: upon giving the notice required by section 364, subdivision (a), the running of the 1-year basic statute is suspended under section 356 for the 90-day period the plaintiff is prohibited from filing suit. When the 90 days expire, the basic 1-year statute commences to run again, thereby giving the plaintiff the *time remaining* under the basic statute within which to file his action. Thus, plaintiff has 90 days from the date of his notice of intent plus the unexpired balance of the 1-year limitation period within which to file suit.

To illustrate: assume a plaintiff gives his notice of intent to sue 10 days before the running of the 1-year limitation period. The 1-year stat-

ute is suspended for 90 days (until 1 year and 80 days have elapsed from accrual of the cause of action) at which time the 10-day remaining balance of the unexpired 1-year statute is added—giving the plaintiff a total of 1 year and 90 days within which to file suit.

The dissent argues the above analysis renders subdivision (d) of section 364 redundant—that subdivision (a) of section 364 and section 356 produce the same result. The fact, however, that the latter 2 statutes when read together will give a 1-year and 90-day limitation period for all actions against health care providers does not render subdivision (d) of section 364 superfluous. The Legislature enacted subdivision (d) to make clear that a plaintiff who is prohibited from filing suit against a health care provider for 90 days, will receive at least an additional 90 days within which to file suit. Although, as acknowledged in *Braham, supra,* "[t]his language is somewhat incongruous because it does not explain how much time after the extension the plaintiff still has within which to file the complaint" the incongruity should not be utilized to distort the policy of the statute of limitations. (119 Cal.App.3d at p. 372.) *Braham* further explains, "[t]his negates the idea that the 90 days runs from the last day of the basic statute of limitations or whatever extension is created by another different express statute." (*Ibid.*)

Certain fundamental principles of statutory construction come into play at this point. "To arrive at the legislative intent in the interpretation of statutes the original purpose and object of the legislation must be considered. [Citation.] Statutes must be read and considered in conjunction with the legislative intent and then be liberally construed with the object in view of giving effect to such intent. [Citation.] A construction or conclusion plainly not contemplated by the legislature should not be given to a statute if it can be avoided. When a statute is fairly susceptible of two constructions, one leading inevitably to mischief or absurdity and the other consisting of sound sense and wise policy, the former should be rejected and the latter adopted. [Citation.]

". . . . . . . . . . . . . . .

"""The mere literal construction of a section in a statute ought not to prevail if it is opposed to the intention of the legislature apparent by the statute; and if the words are sufficiently flexible to admit of some other construction it is to be adopted to effectuate that intention. The intent prevails over the letter, and the letter will, if possible, be so read as to

conform to the spirit of the act."""" (*People* v. *Ventura Refining Co.* (1928) 204 Cal. 286, 292 [288 P. 347, 283 P. 60].)

Our dissenting colleague's argument that a plaintiff is entitled to a 90-day extension of the basic statute from the date of giving notice of intent to sue plus an additional 90-day "exclusion" or tolling period under section 356 engenders mischief in 2 ways. First, it rewards the dilatory plaintiff and punishes the diligent plaintiff. For example, a plaintiff who waits until the last day of the 1-year statute before giving his notice of intent to sue, would receive an additional 180 days beyond the basic 1-year statute within which to file suit. However, a plaintiff who gives his notice of intent to sue at least 90 days *before* the running of the 1-year statute, would receive only an additional 90 days beyond the 1-year period within which to file suit. Such an incongruous and unfair result could not possibly have been intended by the Legislature. It does not accord with the Legislature's intent to tighten the procedural requirements for malpractice actions against health care providers as evidenced by the various provisions of the 1975 Medical Injury Compensation Reform Act (MICRA) of which Code of Civil Procedure section 364 is a part. (See Stats. 1975, Second Ex. Sess., ch. 1, § 25.5, p. 3970.)

Second, the dissent's analysis, grounded on the *Gomez* dictum, produces a *variable* limitation period within which to file suit insofar as a plaintiff who gives notice within 90 days of the running of the 1-year statute. We cannot imagine the Legislature intended such an ad hoc result on a subject of such grave importance to health care providers and injured plaintiffs. Certitude is the hoped-for goal in procedural statutes. We should presume the Legislature intended an objectively ascertainable and uniform limitation period for the commencement of actions against health care providers rather than one dependent upon the particular date the plaintiff elects to give his notice of intent to sue.

The dissent's analysis does suggest another interpretation of section 364 insofar as it affects the basic limitation period of section 340.5. This is to give effect to the precise language of subdivision (d) of section 364 without considering section 356. The rationale would be as follows: the Legislature intended section 364 to be a wholly contained, self-executing statute insofar as suits for professional negligence against health care providers. It did not intend section 356 to apply when subdivision (d) of section 364 comes into play. Subdivision (d) is specific: if

the 90-day notice under subdivision (a) is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days from the service of the notice. The specific controls over the general; thus, no tolling of the underlying limitation period occurs under section 356.

This interpretation produces as much mischief as does the interpretation adopted by the dissent. Subdivision (d) of section 364 is inapplicable by its terms to a plaintiff who serves his notice of intent to sue at least 90 days before the expiration of the underlying statute of limitations. Section 356 could not be ignored at this point—it would toll the limitation period for 90 days thereby giving a 1-year and 90-day period within which to file suit to any plaintiff who serves his notice 90 days or more before the running of the statute of limitations. On the other hand, a plaintiff who serves his notice within 90 days preceding the running of the statute would have only 90 days from the date of giving his notice. Thus, a plaintiff who serves his notice 89 days before the running of the statute would have 1 year and 1 day within which to file his suit whereas, the plaintiff who serves his notice 90 days before the running of the statute would have 1 year and 90 days within which to file suit. Again, the Legislature cannot have intended such an irrational result.

Both *Gomez* and *Braham* were correctly decided on their facts. In *Gomez*, the plaintiffs filed suit within 90 days after the expiration of the 1-year statute; the suit was timely. In *Braham*, the plaintiff did not; her suit was barred. In short, sections 356 and 364 provide only a 90-day extension of the basic limitation period under section 340.5. This is a rational answer to a complex question of statutory interpretation.

The judgment is affirmed.

Hanson (P. D.), J., concurred.

WOOLPERT (H. E.), J.*—I dissent. The Fourth District Court of Appeal, Division One, first dealt, correctly, in my view, with the problem of the limitations period applying to health care providers in *Gomez* v. *Valley View Sanitorium* (1978) 87 Cal.App.3d 507 [151 Cal.Rptr. 97].

---

*Assigned by the Chairperson of the Judicial Council.

Lately, the Second District's Division Two considered it in *Braham* v. *Sorenson* (1981) 119 Cal.App.3d 367 [174 Cal.Rptr. 39]. With all deference to the Second District, the analysis in *Braham* I find wanting. The same is true of the majority's analysis here.

The analysis which confirms my view is to examine the operation of the statute of limitations when the required section 364, subdivision (a) notice is given within 90 days of the running of the section 340.5 limitations period. That analysis proceeds by first assuming the absence of section 364, subdivision (d), but presence of section 356, and then making the reverse assumption. Thereafter, the meaning of the joint operation of the latter two sections, when considered together, becomes clear.

In the first instance, assuming section 364, subdivision (d) does not exist, but section 356 does, the effect of giving a section 364, subdivision (a) notice within 90 days of the running of the 1-year limitations period of section 340.5, means "the time of the continuance of the ... prohibition is not part of the time limited for the commencement of the action." (Code Civ. Proc., § 356.) Since the statute of limitations is not extended, the balance of the limitations period remaining when the notice is given must remain, and doesn't start running again until the 90-day-no-action-may-be-filed-hiatus period of section 364, subdivision (a) terminates. Thus, in *Gomez*, when plaintiffs gave the section 364, subdivision (a) notice on November 26, 1976, some 71 days remained before the statute ran on February 5, 1977. After the 90-day-no-action-may-be-filed-hiatus period of section 364, subdivision (a) ended, 71 days still remained because of section 356, and the action was timely filed on March 28, 1977. But, under that assumption, in both *Braham* and the instant case, the plaintiffs would lose. Each plaintiff filed his or her lawsuit after the expiration of the number of days remaining unexpended before the running of the limitations period when the section 364, subdivision (a) notice was given was added on to the 90-day-no-action-may-be-filed-hiatus period of section 364, subdivision (a).

Without section 364, subdivision (d) in existence, all we need know to solve a limitations problem is the number of days remaining before the expiration of the limitations period when the 364, subdivision (a) notice is given, tack that number on to the end of the 90-day-no-action-may-be-filed-hiatus period of section 364, subdivision (a), and see if the action was filed before such a period expired.

In the second instance, assuming the existence of section 364 and the nonexistence of section 356, whenever the section 364, subdivision (a) notice is served within 90 days of the end of section 340.5 limitations period, the result is a true "Catch 22." Subdivision (d) provides the "time for the commencement of the action shall be extended 90 days from the service of the [§ 364, subd. (a)] notice." So there is actually a limitations period longer than 1 year, and its length depends on when the notice is given within the 90-day period before normal expiration. However, because section 364, subdivision (a) forbids an action being commenced within 90 days of the giving of notice, there is a disappointing effect of this longer than 1-year limitations period. The section, without the aid of section 356, really would self-destruct, as suggested in *Gomez* (87 Cal.App.3d at p. 510).

Assuming no section 356, if plaintiff's counsel gives the required subdivision (a) notice within 90 days of the running of the statute of limitations, he must brave the malpractice action against him by his client if he obeys the commandment of section 364, subdivision (a) not to file the action for 90 days because the statute would run before the action could be filed; or he must brave the wrath of the State Bar[1] if he files his lawsuit in defiance of subdivision (a).

An analysis of sections 356 and 364 together leads to the conclusion that a plaintiff injured by the negligence of a health care provider, who gives notice within 90 days of the running of the section 340.5 limitations period, gets the benefit of an *extended statute of limitations period* because of section 364, subdivision (d), *plus the 90 days exclusion period* of section 356.

Language referring to "the commencement of" an action is the hoary wording of limitations periods. (See Code Civ. Proc., § 335; see also §§ 340.2, 340.5, 340.6 and 343.) So I conclude section 364, subdivision (d) means that, when the section 364, subdivision (a) notice is given within 90 days of the expiration of the section 340.5 limitations period, there is an actual extension, or elongation, of the limitations period beyond the 1-year period. Its exact length depends on when the notice is given. If

---

[1]The tepid provisions of Code of Civil Procedure section 365 read as follows: "Failure to comply with this chapter shall not invalidate any proceedings of any court of this state, nor shall it affect the jurisdiction of the court to render a judgment therein. However, failure to comply with such provisions by any attorney at law shall be grounds for professional discipline and the State Bar of California shall investigate and take appropriate action in any such cases brought to its attention."

the section 364, subdivision (a) notice is given 89 days before the running of the limitations period, there is but a 1-day extension of the limitations period. The extension or elongation of the limitations period can extend up to 90 days when the section 364, subdivision (a) notice is given on the last day of the 1-year limitation period.

That we call the limitations period extended or elongated is important because, as section 356 states, "the time of the continuance ... is not part of the time limited for the commencement of the action." Where section 364, subdivision (a) forbids filing an action for 90 days after giving notice, and that notice was given within 90 days of the running of the limitations period, then the 90-day-no-action-may-be-filed-hiatus period is all part of the extended or elongated limitations period created by section 364, subdivision (d). The plaintiff is entitled to the extended limitations period plus all 90 days of the section 356 hiatus period.

I would reason in *Gomez, Braham* and the instant case as follows:

(1) In *Gomez* the limitations period would be extended by section 364, subdivision (d) to February 24, 1977, 90 days after the November 26, 1976, notice. Then the 90-day exclusion of Code of Civil Procedure section 356 required the action to be filed on or before May 25, 1977, or be barred by the statute of limitations. The action was timely filed on March 28, 1977.

(2) In *Braham* the limitations period would be extended by section 364, subdivision (d) to June 20, 1979, 90 days after the March 22, 1979, notice. Then the 90-day exclusion of section 356 required the action to be filed on or before September 18, 1979, or be barred by the statute of limitations. The action was timely filed on July 19, 1979.

(3) In the instant case, the limitations period would be extended by section 364, subdivision (d) to June 12, 1978, 90 days after the March 14, 1978, notice. Then the 90-day exclusion of Code of Civil Procedure section 356 required this action to be filed on or before September 10, 1978, or be barred by the statute of limitations. So, this action too, was timely filed on August 9, 1978.

Under the reasoning of *Braham*, and the majority here, the only date we need know to decide each of these cases is the date the statute of limitations would run under Code of Civil Procedure section 340.5.

Then, one must add 90 days because of Code of Civil Procedure section 356, and see if the action was filed before that period expired. Section 364, subdivision (d) becomes a dead letter, effectively read out of existence.

Under the majority's analysis, only the plaintiffs in *Gomez* filed in a timely manner. Under the theory I believe correctly espoused in *Gomez*, all the plaintiffs prevail. The majority and I agree that because of the joint operation of Code of Civil Procedure section 364, subdivision (a) and section 356, a plaintiff who gives the section 364, subdivision (a) notice has a minimum of 1 year plus 90 days to sue a health care provider. The majority and the *Braham* court are correct in deeming the *Gomez* court's theory as "dictum." (119 Cal.App.3d at p. 372; majority opn., *ante*, at p. 461.) This is so since the plaintiffs in *Gomez* filed within 1 year plus 90 days from the date of accrual of their action. But, even if dictum, it reasons as sweetly as a direct holding.

The *Braham* court admits its solution as to when the limitations period runs under section 364, subdivision (d) is a tiny bit mysterious. It allows as how the language of section 364, subdivision (d) language is "somewhat incongruous because it does not explain how much time after the extension the plaintiff still has within which to file the complaint." (119 Cal.App.3d at p. 372.) That court solves the incongruity by permitting the plaintiff the same number of days to file her action as remained before the running of the statute when she gave her section 364, subdivision (a) notice, the same result one reaches if only section 356 existed. To be precise, Mrs. Braham, when she gave her section 364, subdivision (a) notice on March 22, 1979, still had until March 29 to beat the one-year limitations period described by section 340.5. The *Braham* court would, after adding in the tolled 90 days she cannot file her action, still leave her the same 7-day period to beat the statute.

This theory has two flaws, both earlier described. First, section 364, subdivision (d) becomes mere surplusage. Secondly, the *Braham* court's analysis defeats the clear language of section 356 which tells us the time occupied by a statutory prohibition is "*not part of the time limited for the commencement of the action.*" (Italics added.) In the instant case, for example, after the section 364, subdivision (a) notice on March 14, 1978, no action could be commenced for 90 days thereafter, or until June 12, 1978. If the action had to be brought by July 27, as I understand the majority here to maintain, or be barred by the statute,

then appellant lost 45 of the 90 days of the extended limitations period provided by section 364, subdivision (d).

Only the reasoning in *Gomez* breathes vitality into section 364, subdivision (d), by extending or elongating the limitations period. It also follows the commandment of section 356 by giving to a plaintiff all of the 90-day-no-action-may-be-filed-hiatus period.

Only a rare plaintiff would get 1 year plus all 180 potentially available days, and certainly not appellant. A plaintiff who gave his section 364, subdivision (a) notice on the last day of the 1-year period would be entitled to the 90 days extension of the limitations period provided by section 364, subdivision (d), plus the 90 days tolling of section 356, or a maximum total of 1 year plus 180 days. But in the instant case, I calculate appellant as being entitled to just 1 year and 135 days. I reach this figure because the section 364, subdivision (d) 90-day extension period commenced running on March 14, 1978, and ended June 12, 1978. Then the 90-day tolling period of section 356 gave appellant until September 10, 1978, to file. He beat that deadline.

Two criticisms of my reasoning are voiced by the majority. The first one—that my theory rewards the lazy and indolent—makes me squirm because its indictment is a true bill. I can find no adequate answer to such criticism except to admit the plaintiff, too lazy to give his section 364, subdivision (a) notice until the last day of the one-year limitations period, does indeed receive the maximum benefit. My puritan background may revolt against penalizing the industrious, but I cannot read code sections, validly enacted by the Legislature, out of existence just to reach an otherwise socially desirable result.

I make no concession of validity to the majority's second criticism of my position, however. I cannot only imagine the result for which I contend was intended by the Legislature, but assert that to be the case. It is the *Gomez* analysis which rationalizes sections 340.5, 356 and 364 and makes them logical and coherent. It is my view the Legislature knew exactly what it was doing, and that it tried to do exactly what the *Gomez* court said it did. The Legislature delicately balanced the interests of damaged plaintiffs against health care providers' needs for some certainty in being free of those claims. It could have used the relatively simple time limits of section 340.5; however, it concluded the health care providers' need for prior notice of litigation required additional time to file those suits by plaintiffs. It successfully provided a flexible,

yet readily ascertainable limitations period until the unkind ministrations of *Braham* and the majority here reduced unnecessarily the allotted period.

Since I find appellant to be within the statutory period here, I do not reach the issue of whether or not the health care providers should be permitted to successfully assert their failure to obey the dictates of Government Code section 53051 to defeat appellant's claim the statute of limitations was tolled while he attempted to comply with the late claims filing procedure. It seems out of keeping with the claims statute provisions that the hospitals could take advantage of their wrongdoing to defeat appellant. I do not address that problem here except to note my doubts.

I would reverse and permit appellant to proceed on his complaint.