[No. G002373. Fourth Dist., Div. Three. Sept. 30, 1986.]

SYLVIA PAXTON, Plaintiff and Appellant, v.
CHAPMAN GENERAL HOSPITAL, INC., Defendant and Respondent.

**COUNSEL**

Richard E. Smith and Allen Thomas for Plaintiff and Appellant.

Harrington, Foxx, Dubrow, Canter & Keene, Dale B. Goldfarb, Edward R. Leonard, Mark W. Flory and Michele Carmeli for Defendant and Respondent.

**OPINION**

**WALLIN, J.**—Sylvia Paxton appeals the summary judgment granted on the basis her medical malpractice complaint against Chapman General Hospital, Inc. was barred by the statute of limitations. ■ Paxton contends 1) her complaint was timely because the 1 year statute of limitations is extended 180 days from the date she served her notice of intent to sue (Code Civ. Proc., §§ 356, 364, 340.5[1]), and 2) whether she discovered her injury and its negligent cause within the statutory period is a question of fact. We conclude Paxton had 1 year from the accrual of her cause of action plus 180 days from the date of her notice of intent to sue to file her complaint; thus, it was timely and the judgment is reversed.

---

[1] All statutory references are to the Code of Civil Procedure.

## I

Paxton entered Chapman General on January 24, 1982, to undergo a vaginal hysterectomy the next day. Five minutes before the surgery, a nurse gave her three injections. The first, injected into her hip and buttock area, caused her immediate and severe pain, which she reported to the nurse.

The surgery was performed under general anesthesia and was completed shortly before noon. Paxton woke up late that afternoon, but she was groggy from the anesthesia throughout the night. She became aware of pain and soreness in her right hip area the day after surgery, January 26, and asked the nurse to give further injections on her left side. She testified she "was aware something was not right, [but] thought it would go away in a couple of days." On the last day of her stay, January 29, she complained to her doctor that she was "still sore on the right side from the shots they gave me before surgery."

During the two weeks following surgery, Paxton experienced numbness and extreme sensitivity to touch in her hip area. On February 12, 1982, she went to Dr. Chun for her first follow-up visit. He informed her that "sometimes . . . a needle stick will get a branch of the sciatic nerve." She was ultimately diagnosed as having suffered sciatic neuritis caused by the needle stick damaging the subcutaneous femoral nerve.

Paxton served a notice of intent to sue on December 29, 1982, and filed her complaint on April 29, 1983. In granting Chapman General's motion for summary judgment, the trial court found Paxton was aware of her injury no later than January 26, 1982, and that the action was barred by the one-year limitations period in section 340.5.[2]

## II

Paxton's contention that she had an additional 180 days from her notice of intent to sue to file her complaint raises an issue of statutory interpretation that has engendered disagreement among appellate courts. Section 364, subdivision (a) requires a plaintiff to give a health care provider 90 days notice of his intention to file suit. Because that section stays the filing of the action, it triggers section 356, which excludes the period of any statutory prohibition to commence an action from the limitations period. Section 364, subdivision (d) provides if the notice of intent to sue is served within the

---

[2]Section 340.5 provides: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be . . . one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury . . . ."

last 90 days of the limitations period, the period shall be extended 90 days from the service of the notice.[3]

The first case to confront this problem was *Gomez* v. *Valley View Sanitorium* (1978) 87 Cal.App.3d 507 [151 Cal.Rptr. 97]. In that case, the cause of action accrued on February 5, 1976; plaintiffs served their notice of intent to sue on November 26, 1976, and filed their complaint on March 28, 1977. The court found plaintiffs' complaint timely, reasoning: "Because Code of Civil Procedure section 364 prohibits the commencement of an action until 90 days have expired . . ., that 90-day period must be excluded when calculating the applicable statute of limitations. Where section 364 also operates to extend the period of limitations because notice is served within 90 days of the expiration of the statute, the plaintiff is entitled to that extension as well as the tolling of the statute during the 90 days plaintiff is prohibited from filing his action." (*Id.,* at p. 510.)

*Braham* v. *Sorenson* (1981) 119 Cal.App.3d 367 [174 Cal.Rptr. 39] interpreted the statutes differently. The court found section 364, subdivision (a), and 356 together add 90 days to the basic statute of limitations; thus, the complaint, which was filed 119 days after service of the notice of intent to sue and 112 days after accrual of the cause of action, was properly dismissed. It pointed out that in *Gomez,* the plaintiff had filed her complaint within 1 year and 90 days after the cause of action had accrued; thus, "the gratuitous statement in *Gomez* that 'plaintiff is entitled to that extension as well as the tolling . . .' is truly dictum and further cannot be deemed to add another 90 days to the 1 year and 90 days to make a statute of limitations of 1 year and 180 days." (*Id.,* at p. 372.)

*Banfield* v. *Sierra View Local Dist. Hospital* (1981) 124 Cal.App.3d 444 [177 Cal.Rptr. 290] followed *Braham* and held a complaint filed 148 days after service of the notice and 103 days after accrual of the cause of action was properly dismissed. The court stated section 364, subdivision (a) and section 356 produced a 1-year and 90-day period within which a plaintiff must file his action, whether or not he served the notice within the last 90 days of the 1 year. Responding to the dissent's claim (*Banfield, supra,* at pp. 462-468, dis. opn. of Woolpert (H.E), J.) that its analysis rendered section 364, subdivision (d) "redundant," the court stated: "The Legislature

---

[3]Section 364 provides: "(a) No action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action. . . . [¶] (d) If the notice is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days from the service of the notice." Section 356 provides: "When the commencement of an action is stayed by . . . statutory prohibition, the time of the . . . prohibition is not part of the time limited for the commencement of the action."

enacted subdivision (d) to make clear that a plaintiff who is prohibited from filing suit against a health care provider for 90 days, will receive at least an additional 90 days within which to file suit." (*Id.*, at p. 460.) The majority pointed out that allowing a plaintiff an additional 180 days from the service of the notice "engenders mischief in 2 ways. First, it rewards the dilatory plaintiff and punishes the diligent plaintiff. For example, a plaintiff who waits until the last day of the 1-year statute before giving his notice of intent to sue, would receive an additional 180 days beyond the basic 1-year statute within which to file suit. However, a plaintiff who gives his notice of intent to sue at least 90 days *before* the running of the 1-year statute, would receive only an additional 90 days beyond the 1-year period within which to file suit. Such an incongruous and unfair result could not possibly have been intended by the Legislature. . . . [¶] Second, the dissent's analysis, grounded on the *Gomez* dictum, produces a *variable* limitation period within which to file suit insofar as a plaintiff who gives notice within 90 days of the running of the 1-year statute. We cannot imagine the Legislature intended such an ad hoc result on a subject of such grave importance to health care providers and injured plaintiffs." (*Id.*, at p. 461.)

*Estrella* v. *Brandt* (9th Cir. 1982) 682 F.2d 814 reviewed the three preceding cases to determine California law and decided "the *Gomez* construction is the only one that breathes life into section 364(d) . . . . [¶] We cannot accept the view that the Legislature intended section 364(d) as a mere 'clarification' to litigants as to the operation of section 356 upon the limitations period." (*Id.*, at p. 818.) Thus, the court held a complaint timely where it was filed more than 1 year and 90 days after accrual of the cause of action but less than 180 days after service of the notice of intent to sue. "With respect to the argument that this interpretation creates certain anomalies, we . . . agree with the *Banfield* dissent: (1) it is evident that the Legislature *intended* a variable limitation period, for [section 364, subdivision (d)] dictates measuring the extension from a variable date (the date of service); (2) the apparent inequity in the operation of the statute does not justify 'read[ing] code sections, validly enacted by the Legislature, out of existence just to reach an otherwise socially desirable result.' [Citation.]" (*Ibid.*)

The two remaining cases dealing with this issue were both decided this year. (*Gilbertson* v. *Osman* (1986) 185 Cal.App.3d 308 [229 Cal.Rptr. 627]; *Hilburger* v. *Madsen* (1986) 177 Cal.App.3d 45 [222 Cal.Rptr. 713].) Each case involved plaintiffs who had filed their notice of intent to sue within 90 days of the expiration of the 1-year statute of limitations and had filed their complaint within 1 year and 90 days of the accrual of their causes of action. Both courts rather summarily held the statute of limitations period to be extended by 90 days, citing the *Braham* and *Banfield* cases and omitting

any reference to *Gomez* or *Estrella*. (*Gilbertson* v. *Osman, supra,* 185 Cal.App.3d 308; *Hilburger* v. *Madsen, supra,* 177 Cal.App.3d at p. 52.)

After reviewing the existing cases, we choose to follow the reasoning expressed in *Estrella* and *Gomez* and the dissent in *Banfield*. We agree with the courts in those cases that a plain reading of section 364, subdivision (d), requires an additional 90 days from the date of the notice of intent if the plaintiff files that notice within the last 90 days of the 1-year period. Under this interpretation, a plaintiff alleging medical malpractice always has at least 90 days from the expiration of the time excluded by section 356 to file a complaint. While this result does produce a variable limitations period, we perceive no unfairness to any party in its application.

We hold Paxton had a period of 1 year from the accrual of her cause of action plus 180 days from the date of service of her notice of intent to sue within which to file her complaint. Thus, her complaint was timely whether she discovered her injury on January 26 or on February 12, 1982.

The judgment is reversed. Paxton is entitled to costs on appeal.

Trotter, P. J., and Crosby, J., concurred.

Respondent's petition for review by the Supreme Court was denied December 18, 1986.